In re COLUMBIA MEDICAL CENTER OF LAS COLINAS, SUBSIDIARY, L.P. d/b/a Las Colinas Medical Center, Antonette Conner, and Anna Mathew, Relators.

No. 06–0416.

Supreme Court of Texas.

Argued Sept. 27, 2007.

Decided July 3, 2009.

R. Brent Cooper, Diana L. Faust, David E. Olesky, Melanie Sky Breedlove, Heather Jean Reynolds Johnson and Marlow James Muldoon, Cooper & Scully, P.C., Dallas, TX, for Relator.

Ben C. Martin, Law Office of Ben C. Martin, Dallas, TX, for Real Party In Interest.

Ruth G. Malinas, Ball & Weed, P.C.,San Antonio, TX, and Roger W. Hughes, Adams & Graham, L.L.P., Harlingen, TX, Jay Harvey, Winckler & Harvey, L.L.P., Austin, TX, Brent M. Rosenthal, Baron & Budd, P.C., Dallas, TX, and Peter M. Kel-

ly, Law Office of Peter M. Kelly, P.C., Houston, TX, for Amicus Curiae.

Justice JOHNSON delivered the opinion of the Court, in which Justice HECHT, Justice WAINWRIGHT, Justice BRISTER, and Justice WILLETT joined.

The Texas Constitution provides that the right of trial by jury "shall remain inviolate." TEX. CONST. art. 1, § 15. The issue before us is whether, after a jury has rendered its verdict, the trial court may disregard that verdict, grant a new trial, and explain its action only as being "in the interests of justice and fairness." We conclude that just as appellate courts that set aside jury verdicts are required to detail reasons for doing so, trial courts must give more explanation than "in the interest of justice" for setting aside a jury verdict. We conditionally grant mandamus relief directing the trial court to more specifically set out the reasons for which it set aside the jury verdict and granted a new trial.

## I. Background

Donald Creech, Jr. entered Columbia Medical Center with kidney stones and died two days later while still in the hospital. As a result of Donald's death, his wife, Wendy Creech, on behalf of herself, their children, and Creech's estate (collectively, "Creech"), sued Columbia and several of its staff members. After a nearly four-week trial, the jury returned a unanimous verdict in favor of defendants.

Creech filed a motion for judgment notwithstanding the verdict, and in the alternative for a new trial. Creech urged that the trial court should grant a new trial because (1) the jury's answer to the negligence question was manifestly unjust and against the great weight and preponderance of the evidence, (2) the evidence conclusively established defendants' negli-

gence, and (3) a new trial was warranted in the interests of justice and fairness.

The trial court granted the motion for new trial as to two nurses and as to Columbia in its capacity as their employer (collectively, "Columbia"). The order stated that a new trial was ordered "in the interests of justice and fairness." A final take-nothing judgment was entered in favor of the other defendants. The court of appeals denied Columbia's petition for a writ of mandamus challenging the trial court's failure to be specific as to the reasons for disregarding the jury's verdict and granting a new trial. 290 S.W.3d 238, 2006 WL 1309583.

Columbia sought a writ of mandamus from this Court directing the trial court to specify why it granted a new trial and, in the alternative, directing the trial court to enter judgment on the jury verdict. After the case was briefed and argued, the trial judge who granted the new trial was succeeded in office by the Honorable Craig Smith. We abated the proceeding pursuant to Texas Rule of Appellate Procedure 7.2(b) and remanded so Judge Smith could reconsider the order granting new trial. By order dated March 13, 2009, he reaffirmed the prior order without setting out reasons for granting the new trial:

IT IS ORDERED, ADJUDGED and DECREED that this Court reaffirms the Order of December 8, 2004 granting Plaintiffs' Motion for New Trial.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that this Court reaffirms the February 22, 2006 Order Denying Motion to Reconsider Court's Ruling Granting Plaintiffs' Motion for New Trial.

On March 27, 2009, we lifted the abatement and reinstated the petition on the Court's active docket.

Columbia argues that mandamus review of the trial court's order disregarding the

jury verdict and granting a new trial is appropriate because these circumstances are extraordinary and it has no adequate remedy by appeal. It asserts that the trial court abused its discretion by (1) granting the partial new trial, (2) not specifying any grounds for granting the partial new trial other than "in the interests of justice and fairness," and (3) not entering judgment on the verdict.

Creech contends that this Court's precedent precludes appellate review of new trial orders and mandamus review should not be expanded to include review of this order. She also asserts that even if mandamus review is available, Columbia cannot show that the trial court's decision was a clear abuse of discretion or that Columbia is without an adequate remedy on appeal.

We agree with Columbia in part and conditionally grant relief as to part of Columbia's request. We direct the trial court to specify its reasons for disregarding the jury's verdict and granting a new trial, to the extent it did so. We deny, without prejudice, Columbia's request for mandamus relief directing the trial court to set aside its new trial order and enter judgment on the verdict.

## II. Mandamus

### A. General Law

■ Generally, mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law, *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992), when an adequate remedy by appeal does not exist. *Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex.2008); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). Mandamus should not issue to correct grievances that may be addressed by other remedies. *See Walker*, 827 S.W.2d at 840.

■ Used selectively, mandamus can "correct clear errors in exceptional cases and afford appropriate guidance to the law without the disruption and burden of interlocutory appeal." *In re Prudential*, 148 S.W.3d at 138. For example, in *In re Prudential*, we determined that the issue of enforceability of a pre-suit waiver of jury trial was a circumstance justifying mandamus review:

> The issue before us in the present case—whether a pre-suit waiver of trial by jury is enforceable—fits well within the types of issues for which mandamus review is not only appropriate but necessary. It is an issue of law, one of first impression for us, but likely to recur (it has already arisen in another case in the court of appeals, also on petition for mandamus). It eludes answer by appeal. In no real sense can the trial court's denial of Prudential's contractual right to have the [real party in interest] waive a jury ever be rectified on appeal. If Prudential were to obtain judgment on a favorable jury verdict, it could not appeal, and its contractual right would be lost forever. If Prudential suffered judgment on an unfavorable verdict, Prudential could not obtain reversal for the incorrect denial of its contractual right "unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgment". Even if Prudential could somehow obtain reversal based on the denial of its contractual right, it would already have lost a part of it by having been subject to the procedure it agreed to waive.

148 S.W.3d at 138 (citations omitted).

And in *In re Barber*, 982 S.W.2d 364 (Tex.1998), we considered availability of mandamus review for a trial court's order granting a new trial when the trial court refused to enforce its own order. The

plaintiff obtained a default judgment, but the parties then submitted an agreed order setting it aside and granting a new trial. *Id.* at 365. The trial court approved the subsequent order, affixed it with a rubber-stamp signature, and left the original order unsigned. *Id.* After the sitting judge suffered a heart attack, another judge presided over the case and determined that the rubber-stamped order was invalid and that the trial court's plenary power had expired, making the default judgment final. *Id.* In granting mandamus relief, this Court held that the rubber-stamped order was signed during the trial court's plenary power within the meaning of Texas Rule of Civil Procedure 329b, and was effective to grant a new trial. *Id.* at 368. While recognizing that mandamus is not an appropriate means to review a final default judgment after the time for appeal has expired, this Court also determined that relator's complaint focused not on the default judgment but on the trial court's refusal to acknowledge the validity of the new trial order. *Id.* Because relator had no other realistic means of obtaining review for the specific set of circumstances, we held that mandamus relief was appropriate. *Id.*

Likewise, in *In re Masonite Corp.*, 997 S.W.2d 194 (Tex.1999), we considered whether a trial court's improper venue transfer orders could be reviewed by mandamus. The trial court denied defendants' motions to transfer venue even though plaintiffs agreed that venue was improper and that defendants' motion was properly pled and proven. *Id.* at 196. At the time, venue determinations were not subject to mandamus review. *Id.* at 197 & n. 9. We concluded the trial court "ignored the pleadings, the facts, and the law," and the record reflected "a clear abuse of discretion." *Id.* at 197. We further noted that the trial court's actions showed " 'such disregard for guiding principles of law that

the harm … is irreparable.' " *Id.* at 198 (quoting *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 776 (Tex.1995) (orig.proceeding)). Thus, this Court again recognized that, in certain cases, "exceptional circumstances" can justify mandamus relief. *Id.* at 198–99.

## B. Application

### 1. Exceptional Circumstances

Our decisions have approved the practice of trial courts failing to specify reasons for setting aside jury verdicts. *E.g., Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985). And our decisions preclude, for the most part, appellate review of orders granting new trials. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex.2005) (noting that we have recognized only two instances in which new trial orders are reviewable on appeal: when the trial court's order was void or the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict). Neither party claims that this case involves either a void order or a conflict in jury answers.

Citing authorities such as *Cummins v. Paisan Construction Co.*, 682 S.W.2d 235, 236 (Tex.1984), Creech argues that this Court's prior decisions prevent a new trial order rendered during the time a trial court has plenary power from being reviewed by a higher court. In *Cummins*, a default judgment was entered against Paisan, and Paisan filed a motion for new trial. *Id.* at 235. Following a hearing on the motion, the trial court set aside the default judgment and granted Paisan's motion. *Id.* Judgment was entered in Paisan's favor based on the jury verdict from the new trial. *Id.* On appeal, Cummins challenged the trial court's granting of Paisan's new trial motion. *Id.* The court of appeals examined the evidence introduced

at the hearing on the motion and held that based on the evidence, the trial court did not abuse its discretion in granting the new trial. *Id.* This Court affirmed the court of appeals decision, but for a different reason. We held that because the motion for new trial was timely filed and the motion was granted during the trial court's plenary power, the order granting a new trial was not reviewable on appeal, either by direct appeal from the order or from a final judgment rendered after further proceedings in the trial court. *Id.* at 235–36; *see also Johnson,* 700 S.W.2d at 918.

We agree with Creech's interpretation of the authorities she cites. But the holdings of those cases support our conclusion that the circumstances here are exceptional ones. According to the authorities she cites, Columbia has no avenue to appeal the trial court's action.

Creech also argues that appellate review of orders granting new trials is inconsistent with legislative intent because the Legislature once passed a law allowing appeals from such orders[1] but repealed it two years later.[2] However, the Legislature's consideration of whether orders granting new trials are or should be appealable does not encompass the issue of whether such orders are subject to the extraordinary remedy of mandamus review. *See Walker,* 827 S.W.2d at 840 (noting that mandamus is an extraordinary remedy, available only when an adequate remedy by appeal is not).

■ On balance, the significance of the issue—protection of the right to jury trial—convinces us that the circumstances are exceptional and mandamus review is justified. *See In re Prudential,* 148 S.W.3d at 136. Further, we disagree with

both Creech and the dissent that granting relief will expand the use of mandamus review. The standards we employ do not expand mandamus principles nor go beyond principles we have previously identified as justifying mandamus review. And, mandamus review remains discretionary, not of right.

## 2. Adequate Remedy by Appeal

As discussed above, this Court's prior decisions indicate that only in two instances have new trial orders rendered during the time a trial court has plenary power been reviewable by an appellate court: when the trial court's order was void and when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict. *Wilkins,* 160 S.W.3d at 563; *Johnson,* 700 S.W.2d at 918; *see Cummins,* 682 S.W.2d at 236. The parties do not contend that either of those circumstances exist. Thus, absent mandamus review, Columbia will seemingly have *no* appellate review of the orders granting new trial.

Moreover, if Columbia could obtain appellate review of the new trial orders following a second trial, it would be in much the same situation as the relator in *In re Prudential.* If Columbia suffered an unfavorable verdict, it could not obtain reversal unless it convinced an appellate court that the granting of the new trial was error and that the error either prevented Columbia from properly presenting its case on appeal or probably caused entry of an improper judgment. *See In re Prudential,* 148 S.W.3d at 138. And even if an unfavorable verdict were reversed and rendered in Columbia's favor, Columbia would have lost the benefit of a final judgment based on the first jury verdict without ever

---

1. Act of Feb. 23, 1925, 39th Leg., R.S., ch. 18, 1925 Tex. Gen. Laws 45.

2. Act of Feb. 21, 1927, 40th Leg., R.S., ch. 52, § 1, 1927 Tex. Gen. Laws 75.

knowing why, and would have endured the time, trouble, and expense of the second trial. Under the circumstances, Columbia does not have an adequate appellate remedy. *See Perry Homes*, 258 S.W.3d at 586; *In re Prudential*, 148 S.W.3d at 138.

### 3. Abuse of Discretion

The Texas Rules of Civil Procedure specifically address new trials. Rule 320 provides, in part, that:

> New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct. New trials may be granted when the damages are manifestly too small or too large.

Tex.R. Civ. P. 320. As the rule specifies, new trials may be granted for good cause on motion of a party or on the trial court's own motion. When a motion for new trial is filed by a party, the motion must be in such form that the bases for the motion can be clearly identified and understood by the trial court:

> Each point relied upon in a motion for new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designated to be complained of, in such a way that the objection can be clearly identified and understood by the court.

Tex.R. Civ. P. 321. Generality in motions for new trial must be avoided because objections phrased in general terms shall not be considered by the court. Tex.R. Civ. P. 322. Not more than two new trials may be granted for either party in the same cause because of insufficiency or weight of the evidence. Tex.R. Civ. P. 326.

Texas trial courts have historically been afforded broad discretion in granting new trials. *See Johnson*, 700 S.W.2d at 917. But that discretion is not limitless. In *Larson v. Cactus Utility Co.*, 730 S.W.2d 640 (Tex.1987), we noted that a trial court cannot grant a new trial conditioned on a party's refusal to accept a remittitur if factually sufficient evidence supported the jury's verdict. We held that a trial court may order a remittitur only when the evidence is factually insufficient to support the verdict, which is the same limitation as is imposed on the court of appeals. *Id.* at 641. We reasoned that both trial courts and courts of appeals should be subject to the standard that no court is free to simply substitute its judgment for that of the jury and that applying different standards for trial courts and courts of appeals could lead to inconsistent results because a trial court's decision as to remittitur could stand when the same conclusion by a court of appeals would not. *Id.* And as previously noted, granting of a new trial is error if the trial court's order is void, or if the trial court specifically based its new trial order on an irreconcilable conflict in answers to jury questions when the answers were not in conflict. *See Wilkins*, 160 S.W.3d at 563; *Johnson*, 700 S.W.2d at 918.

■ These decisions, coupled with the clear import of the Texas Rules of Civil Procedure, indicate that the amount of discretion Texas trial courts possess to overturn jury verdicts and grant new trials is broad but has limits. For example, and as demonstrated by the Rules of Civil Procedure quoted above, new trials may be granted to a party for sufficiency or weight of the evidence, when damages are "manifestly" too small or too large, and for "good cause." Tex.R. Civ. P. 320, 326.[3]

---

3. The good cause for which Rule 320 allows trial courts to grant new trials does not mean just any cause. If it did, the rule would not have specified "good" cause. Our rules of procedure do not define "good cause" in this context, and we do not now undertake to do

 Jury trials are essential to our constitutionally provided method for resolving disputes when parties themselves are unable to do so. *See* TEX. CONST. art. I, § 15, art. V, § 10; *Wal–Mart Stores, Inc. v. Seale,* 904 S.W.2d 718, 722 (Tex. App.-San Antonio 1995, no writ) (recognizing that a jury's decision is not to be tampered with lightly, regardless of whether it favors the plaintiff or the defendant). Parties to a dispute who choose to have the dispute resolved by a jury and endure the personal and financial inconvenience of such a trial are entitled to know why the verdict was disregarded, regardless of whether the verdict was disregarded by one judge or a panel of judges. So are the jurors whose lives were interrupted so they could serve, and the public that finances the judicial system and depends on its open operations to assure fair processes for dispute resolution. We require appellate courts to explain by written opinion their analyses and conclusions as to the issues necessary for final disposition of an appeal. *See* TEX. R.APP. P. 47.1, 63. If a court of appeals affirms a challenged jury verdict as being supported by factually sufficient evidence, the court need not detail all the evidence in support of the verdict. *Ellis County State Bank v. Keever,* 888 S.W.2d 790, 794 (Tex.1994). But if the court holds that the verdict is not supported by factually sufficient evidence and effectively sets aside the jury verdict by reversing the trial court's judgment, the court must detail all the relevant evidence and explain how it outweighs evidence supporting the verdict or how the verdict is so against the great weight and preponderance of the evidence that it is manifestly unjust. *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex.1998); *Pool v. Ford Motor Co.,*

715 S.W.2d 629, 635 (Tex.1986); *see also Citizens Nat'l Bank in Waxahachie v. Scott,* 195 S.W.3d 94, 96 (Tex.2006) (holding that an appellate court may not reverse a lower court judgment by "merely saying that the court has reviewed all the evidence and reach[ed] a conclusion contrary to that of the trier of fact" but must explain with specificity why it has substituted its judgment for that of the trial court).

 The standards by which trial judges and appellate judges may set aside or overturn a jury verdict are different. The Rules of Civil Procedure afford a trial court considerable discretion to set aside a jury verdict, even on its own motion. *See* TEX.R. CIV. P. 320, 326, 327. Appellate judges have much less discretion because they are limited to the issues urged and record presented by the parties and because appellate courts are specifically limited to reversing judgments only for errors that probably resulted in entry of an improper judgment or precluded a party from properly presenting its case on appeal. TEX.R.APP. P. 44.1, 61.1; *but see Living Ctrs. of Tex., Inc. v. Peñalver,* 256 S.W.3d 678, 681 (Tex.2008) (noting that no harm analysis is required for certain incurable jury argument); *In re J.F.C.,* 96 S.W.3d 256, 291 (Tex.2002) (noting that a harm analysis is not conducted for jurisdictional fundamental-error review). And, of course there are differences between the review that can be accomplished by appellate judges who have only the record to consider and trial judges who have seen the parties and witnesses and sensed the affect of certain evidence or occurrences on the trial. Nevertheless, there is no meaningful difference to the parties be-

so. But the fact that the right to jury trial is of such significance as to be provided for in both the Federal and State Constitutions counsels against courts setting aside jury verdicts for less than specific, significant, and proper reasons.

tween an appellate court reversing a judgment based on a jury verdict and a trial court setting the verdict aside or disregarding it. The end result is that the prevailing party loses the jury verdict and the judgment, or potential judgment, based on it.

More than forty other states and the District of Columbia require trial courts, in certain circumstances, to specify the reasons for setting aside jury verdicts.[4] Most have statutes or rules of procedure that embody the requirement, although the requirement in at least one of those states was first made by judicial decision. *E.g.,* IDAHO R. CIV. P. 59(d); *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187, 1199–1200 (1986). The Idaho Supreme Court held that such a requirement is necessary when a trial court exercises any discretion that "has a substantial impact on the litigants." *Quick,* 727 P.2d at 1200. In responding to the argument that requiring trial judges to state their reasons for granting new trials imposes a burden on their ability to handle dockets, the court reasoned that:

> "Where proceedings at trial clearly have gone awry, the reasons for granting a new trial can be readily identified and stated. In cases where the proceedings outwardly seem regular, but the judge nevertheless feels that an injustice has been done, it may be more difficult to identify and to state the reasons. However, these hard cases are precisely the

cases where the discipline of stating reasons is most needed."
*Id.* at 1200–01 (quoting *Sheets v. Agro-West, Inc.,* 104 Idaho 880, 664 P.2d 787, 796 (Idaho Ct.App.1983)).

Federal Rule of Civil Procedure 59(d) requires that a trial court, in granting a new trial on its own initiative, "must specify the reasons in its order." FED.R.CIV.P. 59(d). In *Scott v. Monsanto Co.,* 868 F.2d 786, 791 (5th Cir.1989), the Fifth Circuit reasoned that a trial court's discretion in granting a new trial is not "impenetrable" and that "careful scrutiny given to orders granting new trials is intended to assure that the court 'does not simply substitute [its] judgment for that of the jury, thus depriving the litigants of their right to trial by jury.'" *Id.* at 791 (quoting *Conway v. Chem. Leaman Tank Lines, Inc.,* 610 F.2d 360, 363 (5th Cir.1980)).

We are of the opinion that such reasoning is applicable to the issue presented. We do not retreat from the position that trial courts have significant discretion in granting new trials. *Johnson,* 700 S.W.2d at 917. However, such discretion should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis. A trial court's actions in refusing to disclose the reasons it set aside or disregarded a jury verdict is no less arbitrary to the parties and public than if an appellate court did so. *See Scott,* 195 S.W.3d at 96; *Gonzalez v. McAllen Med. Ctr., Inc.,* 195 S.W.3d 680,

---

4. *See* ALA. R. CIV. P. 59(d); ALASKA R. CIV. P. 59(e); ARIZ. R. CIV. P. 59(m); ARK. R. CIV. P. 59(e); CAL. CIV. PRO.CODE § 657; COLO. R. CIV. P. 59(c); DEL SUPER. CT. CIV P.R. 59(c); D.C. R. CIV. P. 59(d); FLA. R. CIV. P. 1.530(f); GA CODE ANN. § 5–5–51 (2007); HAW. R. CIV. P. 59(d); IDAHO R. CIV. P. 59(d); ILL. COMP. STAT. ANN ch. 725 § 5/116–1(c) (2006); IND. R. TRIAL P. 59(J)(7); IOWA R. CIV. P. 1.1008(3); KAN. STAT ANN. § 60–259(e); KY. R. CIV. P. 59.04; ME. R. CIV. P. 59(d); MD. RULE 4–331(e); MASS. R. CIV. P. 59(d); MI. R. CIV. PRO. 2.611(c); MINN. R. CIV. P. 59.05; MISS. R. CIV. P. 59(d); MO.REV.STAT. § 510.370; MONT. R. CIV. P. 59(f); NEV R. CIV. P. 59(d); N.J.R. 4:49–1(c); N.M. DIST. CT. CIV. PRO. R. 1–050(c)(1); N.C. CIV. PRO. 59(d); N.D. R. CIV. P. 59(f); OHIO CIV. R. 59(a); OR REV.STAT. § 19.430 (2007); PA. R. CIV. P. 227.1(e); R.I.R.C.P. 59(d); S.C.R. CIV. P. 59(d); S.D. CODIFIED LAWS § 15–6–59(g); TENN. CIV. PRO. R. 59.05; UTAH R. CIV. P. 59(d); VT. R. CIV. P. 59(d); WASH.SUPER. CT. CIV. R. 59(f); W. VA R. CIV. P. 59(d); WIS. STAT. § 805.15(2) (2006); WYO. R. CIV. P. 59(d).

682 (Tex.2006) (noting that plaintiffs were entitled to a written opinion from the court of appeals stating why the jury's verdict can or cannot be set aside). The trial court's action in failing to give its reasons for disregarding the jury verdict as to Columbia was arbitrary and an abuse of discretion.

■■■ In *Johnson*, we held that a trial court may, in its discretion, grant a new trial "in the interest of justice." 700 S.W.2d at 918. We have reaffirmed that decision. *See, e.g., Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex.1988). However, for the reasons stated above, we believe that such a vague explanation in setting aside a jury verdict does not enhance respect for the judiciary or the rule of law, detracts from transparency we strive to achieve in our legal system, and does not sufficiently respect the reasonable expectations of parties and the public when a lawsuit is tried to a jury. Parties and the public generally expect that a trial followed by a jury verdict will close the trial process. Those expectations may be overly optimistic, practically speaking, but the parties and public are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried. To the extent statements or holdings in our prior cases conflict with our decision today, we disapprove of them.

### III. Response to the Dissent

The dissent says the trial court had any number of proposed reasons for granting Creech's motion for new trial. The motion challenged the testimony of Columbia's expert, advanced twenty-eight evidentiary points, challenged the jury's answer to the negligence question as manifestly unjust and against the great weight and preponderance of the evidence, asserted the evidence conclusively established defendants' negligence, and asserted a new trial was warranted in the interests of justice and fairness. But that only restates Columbia's complaint: the jury verdict as to Columbia has been disregarded and no one other than the trial judges who issued the new trial orders know the specific reasons why. The dissent says the orders were presumably based on one of the grounds in the motion for new trial, but that presumption may not be correct. The judges may have based the orders on other reasons not even urged by Creech and still unknown to both parties. Columbia should be told why the trial court granted the new trial.

As to the procedural history of this case, the appeal was abated because an appellate procedural rule requires successor judges to be afforded an opportunity to reconsider orders such as the one at issue. *See* TEX.R.APP. P. 7.2(b). We recognize that in certain circumstances, including situations such as this, successor judges will be disadvantaged in making rulings on motions such as the one involved here. But successor trial judges are disadvantaged in many, if not most, instances when they are called upon to step into pending cases. For example, in *Ingram v. Deere*, 288 S.W.3d 886, 891–92 (Tex.2009), the jury found that a joint venture existed between Deere and Ingram and awarded damages to Deere for Ingram's breach of the agreement and breach of fiduciary duty. *Id.* The trial court entered judgment in Deere's favor based on the verdict but then granted Ingram's motion for judgment notwithstanding the verdict in part. *Id.* Following entry of the new, reduced judgment, the judge who tried the case recused himself. *Id.* The case was assigned to another judge, and Ingram filed

a second motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. *Id.* The second judge stepped in, considered the post-trial motion, granted it, and entered judgment that Deere take nothing. *Id.*

Whether a change of judges is due to recusal, such as in *Deere,* because a new judge is elected, as here, or for any other reason, successor judges almost invariably face at least some decisions similar to those involved here and in *Deere.* Part of being a trial judge is having to make difficult rulings in pending matters.

Pursuant to our decision in *In re Baylor Medical Center at Garland,* 280 S.W.3d 227, 232 (Tex.2008), the original order by which the jury verdict as to Columbia was disregarded and a new trial granted was interlocutory. In accordance with Texas Rule of Civil Procedure 7.2(b), the successor judge has now considered Creech's motion, held a hearing, and entered his own order reaffirming the grant of the motion. That order is effectively an order refusing to enter judgment on the jury verdict and affects the rights of the parties no less than did the orders of the original judge. We presume the successor judge had specific reasons for entering the order he entered. Columbia is entitled to know those reasons just as much as it would be entitled to know the reasons for the orders entered by the former trial judge.

We agree with the dissent that trial judges are allowed great discretion in matters such as these. But we reject the suggestion that our decision is motivated by an underlying fear that some trial courts might abuse the privilege of their discretion. We have faith in the integrity of our trial bench as well as that of the appellate bench. Both have discrete constitutional and statutory places and duties in the judicial structure. We are not blind to the practicality that a trial judge might

"game" the system by stating plausible reasons for setting aside a verdict when the real reasons might be otherwise. We choose not to attribute such attitudes and motives to trial judges absent some reason for doing so in individual circumstances supported by a record. Nevertheless, we believe it important enough to the transparency of our judicial system and to its apparent fairness to the public that even if a trial judge on occasion gives specious reasons for setting aside a jury verdict, the balance still weighs heavily in favor of requiring trial courts to give their reasons for setting aside or disregarding verdicts.

Finally, we might agree with the dissent's assertion that any change to the existing status should be through the rule-making process if the current status were the product of the rule-making process. It is not. As both we and the dissent have noted, the current status is the product of appellate decisions, not the least of which are decisions from this Court. We do not lightly alter a status established by our prior decisions. But when the status shields decisions affecting rights such as those relating to jury trials from the view of the parties and the public, we should not hesitate to reconsider it.

## IV. Entry of Judgment on the Verdict

The trial court has not stated its specific grounds for refusing to enter judgment on the jury verdict and granting a new trial. Thus, we decline to consider whether mandamus relief is available as to the trial court's action in disregarding the jury verdict. We deny, without prejudice, Columbia's request for a writ of mandamus directing the trial court to enter judgment on the verdict.

## V. Columbia's Constitutional Arguments

Columbia also urges that the federal and state constitutions require trial courts to

specify reasons for disregarding jury verdicts. *See* Tex. Const. art. I, § 15, art. V, § 10; *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 374 (Tex.2000) (noting that "a state's civil jury system must comport with federal due process"). We need not and do not reach the constitutional issues. *See In re B.L.D.*, 113 S.W.3d 340, 349 (Tex.2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds.").

## VI. Conclusion

We conditionally grant relief. We direct the trial court to specify the reasons it refused to enter judgment on the jury verdict and ordered a new trial as to Columbia. The reasons should be clearly identified and reasonably specific. Broad statements such as "in the interest of justice" are not sufficiently specific.

We are confident the trial court will comply. The writ will issue only if it fails to do so.

Justice O'NEILL filed a dissenting opinion, in which Chief Justice JEFFERSON, Justice MEDINA, and Justice GREEN joined.

Justice O'NEILL, joined by Chief Justice JEFFERSON, Justice MEDINA, and Justice GREEN, dissenting.

I agree that trial courts should not set aside jury verdicts without valid reasons. And I might agree that a change in the procedural rules to require trial judges to state good cause more particularly than "in the interests of justice and fairness" would be well advised, though the Legislature has only seen fit to impose such a requirement in criminal cases. But declaring such a rule by judicial fiat on interlocutory review, and issuing mandamus relief against the trial court for not following it, turns our mandamus jurisprudence on its head. The Court recites that "exceptional circumstances" justify mandamus relief when the trial court shows "such disregard for guiding principles of law that the harm ... is irreparable." 290 S.W.3d 204, 208 (internal quotations omitted). Yet this case presents neither exceptional circumstances nor a departure from controlling law, as the trial court followed one of our most well-established legal principles. We have long held, unequivocally, that a trial court may grant a new trial "in the interests of justice and fairness,"[1] and trial and appellate courts have taken us at our word.[2] The Court simply changes the rule and jettisons the law upon which the trial court relied. After today, I see no princi-

---

**1.** *See Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex.1988); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985); *Goss v. McClaren*, 17 Tex. 107, 115 (1856); *see also In re Volkswagen of Am., Inc.*, 22 S.W.3d 462 (Tex. 2000); *In re Bayerische Motoren Werke, AG*, 8 S.W.3d 326 (Tex.2000).

**2.** *See In re United Scaffolding, Inc.*, 287 S.W.3d 274 (Tex.App.-Beaumont, 2009, orig. proceeding) (trial court did not abuse its discretion by granting new trial "in the interest of justice and fairness" where the moving party's specific complaint was evident from the face of the motion); *In re E.I. DuPont de*

*Nemours & Co.*, No. 09-08-318 CV, 2008 WL 2838776, at *1, 2008 Tex.App. LEXIS 5443, at *1-2 (Tex.App.-Beaumont July 24, 2008, orig. proceeding) (mandamus relief not available where trial court failed to state reason for granting new trial); *In re Baylor Med. Ctr. at Garland*, No. 05-05-01663-CV, 2006 WL 14278, 2006 Tex.App. LEXIS 19 (Tex.App.-Dallas Jan.4, 2006, orig. proceeding); *Mosley v. Employers Cas. Co.*, 873 S.W.2d 715, 717 (Tex.App.-Dallas 1993, writ denied); *Valley Steel Prods. Co. v. Howell*, 775 S.W.2d 34, 36 (Tex.App.-Houston [1st Dist.] 1989, no pet.) (noting that a trial court "need not specify the reason for granting a new trial in its order").

pled basis for denying mandamus review of any potentially dispositive but unexplained interlocutory ruling.

The Court's premise is simple enough and, on first glance, compelling: public confidence in the judicial system will be enhanced if trial courts explain the reasons for their rulings. This premise, though, would surely apply with equal force to any number of interlocutory rulings, such as why the court impaneled jurors who were challenged for cause, granted or denied a motion for summary judgment, allowed or disallowed particular discovery, exercised its gatekeeping function as it did with regard to a key expert witness, or admitted or excluded potentially dispositive evidence. A trial court's ruling on matters like these, if wrong, could ultimately lead to reversal on appeal and necessitate the expense and delay of a new trial. Yet we have never justified interlocutory review of such decisions on the trial court's failure to expound its reasoning.

Unlike many other jurisdictions, Texas has no statutory or procedural rule that requires a trial court to further explain its ruling on a new trial motion or that permits interlocutory review of that decision, presumably because the benefits of a relatively prompt retrial if the judge perceives unfairness in the proceedings outweigh the detriments of prolonging final judgment pending interlocutory appellate review. After all, this case has been on review for over four and one half years since the new trial was granted. The Court purports to justify its misadventure on the principle that trial courts may not substitute their judgment for that of the jury. While undoubtedly true, it is equally true that an appellate court may not substitute its discretion for that of the trial court, which is charged with ensuring the fairness of the proceedings and safeguarding the integrity of the judicial process. Because trial courts are in a unique position to observe the proceedings and participants first hand, we have afforded them broad discretion in assessing whether "in the interests of justice and fairness" a new trial is warranted. If abuse of the privilege that such broad discretion affords is a concern, then Rule 320 should be amended to mirror the federal requirement that a court "specify the reasons in its order." FED.R.CIV.P. 59(d). Until then, no jurisprudential imperative compels us to overturn more than a century of clear precedent and erode the broad discretion we have traditionally afforded trial courts in granting new trials when they perceive good cause to do so. Because the Court ventures far beyond the boundaries of our mandamus jurisprudence, I respectfully dissent.

## I. Background

Donald Creech, Jr. was admitted to Columbia Medical Center for difficulties with kidney stones. While at the hospital, he received the pain medication Dilaudid, a narcotic, intravenously. When he increasingly complained of severe pain, the licensed vocational nurse (LVN) attending to Donald increased the amount and frequency of his doses. Several hours after his largest dose, Donald died. Donald's widow, Wendy Creech, brought this suit, alleging that the hospital staff violated the standard of care in administering such a large amount of Dilaudid to Donald when he suffered from sleep apnea. She alleges that the medication, a respiratory depressant, interacted with Donald's sleep apnea to cause his death by asphyxiation.

After a four-week trial, the jury returned a verdict in favor of all defendants. Wendy moved for a new trial, arguing that the evidence conclusively proved the defendants' negligence, the verdict was against the great weight and preponderance of the evidence, the verdict was mani-

festly unjust and conflicted with evidence that established Columbia's negligence as a matter of law, and a new trial was warranted in the interests of justice and fairness. The motion contained twenty-eight evidentiary points, including a challenge to the reliability of Columbia's expert testimony. The trial court, "in the interests of justice and fairness," granted the motion as to the LVN, her supervising registered nurse, and Columbia in its capacity as their employer (collectively, "Columbia"), presumably on the grounds urged in the new trial motion. The court entered judgment in favor of all other defendants[3] in accordance with the verdict. Relying on our precedent, the court of appeals held that the trial court's explanation for granting the new trial was sufficient. 290 S.W.3d 238. Under our well-established jurisprudence, it clearly was.

## II. Standard of Review

Trial courts have always been afforded broad discretion in the granting of new trials, and may exercise such discretion "in the interests of justice and fairness" without stating any other reason. *See Champion Int'l Corp.*, 762 S.W.2d at 899; *Johnson*, 700 S.W.2d at 918. Over a century ago, this Court emphasized the point:

> In ordinary cases the judge has a discretion to grant a new trial whenever, in his opinion, wrong and injustice have been

done by the verdict; and it is upon this ground that courts have refused to interfere to revise the granting of new trials. *Goss*, 17 Tex. at 115. In this case, the trial court did precisely what we have long said it could. Yet the Court concludes the trial court abused its discretion in not stating a more specific reason for its ruling, creating new law on mandamus and overturning a long line of precedent in the process.

The Court points to a number of jurisdictions that require a trial court to articulate the reason when granting a new trial *sua sponte*. In this case, though, the trial court did not rule *sua sponte* but *granted the plaintiff's motion* for new trial, presumably for the reasons that the plaintiff explained. Although one of the plaintiff's new trial grounds cited "the interests of justice and fairness," another challenged the verdict based on "the great weight and preponderance of the evidence," a ground we have no jurisdiction to review. We do not know whether the trial court's "in the interests of justice and fairness" ruling was based on perceived unfairness in the proceedings, on factual insufficiency of the evidence to support the jury's verdict, or on both. For this reason alone, we should deny mandamus relief. But even if the trial court had acted *sua sponte*, the rule in nearly all jurisdictions that require an explanation is codified in a statute or procedural rule.[4] In none of the remaining

---

**3.** The trial court entered judgment in favor of defendants Ali Shirvani, M.D., Rabia Khan, M.D., Kyle Chandler and John Russell Carpenter.

**4.** This is particularly true in the many jurisdictions that have modeled their rules on the federal rules, which require a trial court to specify the reasons for granting a new trial *sua sponte. See* FED.R.CIV.P. 59(d). A majority of jurisdictions have an equivalent statute or rule of procedure. ALA. R. CIV. P. 59(d); ALASKA R. CIV. P. 59(e); ARIZ. R. CIV. P. 59(g); ARK R. CIV. P. 59(e); CAL.CIV.PROC.CODE § 657

(Deering 2008); COLO. R. CIV. P. 59(c); DEL.SUPER. CT. CIV. R. 59(c); D.C.SUPER.CT. R. CIV. P. 59(d); FLA. R. CIV. P. 1.530(f); GA.CODE ANN § 5–5–51 (1995); HAW. R. CIV. P. 59(d); IDAHO R. CIV. P. 59(d); IND. R. CIV. P. 59(J)(7); IOWA R. CIV. P. 1.1008(3); KAN. STAT. ANN. § 60–259(e) (2005); KY. R. CIV P. 59.04; ME. R. CIV. P. 59(d); MASS. R. CIV. P. 59(d); MICH. CT. R. 2.611(C); MINN. R. CIV. P. 59.05; MISS. R. CIV. P. 59(d); MO.REV.STAT. § 510.370 (1952); MONT. R. CIV. P. 59(e)-(f); NEV. R. CIV. P. 59(d); N.J. CT. R. 4:49–1(c); N.M. DIST. CT. R. CIV. P. 1–050(C)(1); N.D. R. CIV. P. 59(i); OHIO R. CIV. P. 59(D); OR.REV.STAT. § 19.430 (2007);

jurisdictions was the rule promulgated on mandamus or its equivalent, and for good reason.

First, to warrant mandamus relief the trial court must have committed a "clear abuse of discretion," which we have defined to include failure to apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Because the trial court here did exactly what we have clearly said it could, the trial court can hardly be said to have abused that discretion. Second, our Legislature is well aware that trial courts may grant new trials "in the interests of justice and fairness" and has not seen fit to change the law. The Legislature did decide to allow interlocutory review of new trial orders in criminal proceedings, but declined to extend such review to the civil arena. *See* Tex.Code. Crim. Proc. art. 44.01(a)(3). In civil cases, our procedural rules expressly permit a trial court to grant a new trial on its own motion for any good cause. Tex.R. Civ. P. 320. Presuming, as the Court does, that a change in procedure is warranted, it would be far more appropriate to effect that change by amending the rules rather than implementing new law on mandamus.

Even if mandamus were an appropriate vehicle to overturn precedent, there is no cause to do so here. There is a "strong presumption" against overruling our precedent. *Gutierrez v. Collins*, 583 S.W.2d 312, 317 (Tex.1979). Absent compelling reasons, courts should avoid overturning established law because "the legitimacy of the judiciary rests in large part upon a stable and predictable decisionmaking process;" without adherence to precedent, no question of law would ever be considered resolved. *Weiner v. Wasson*, 900 S.W.2d 316, 320 (Tex.1995). Compelling reasons

to overturn precedent may exist in limited circumstances, such as when the preceding decision itself was incorrect or unconstitutional, there is conflicting precedent, the decision has been undercut by the passage of time, the precedent created inconsistency and confusion, or the decision consistently creates unjust results. *See Hammock v. State*, 46 S.W.3d 889, 892–93 (Tex. Crim.App.2001); *see also Bowman Biscuit Co. v. Hines*, 151 Tex. 370, 251 S.W.2d 153, 155 (1952) (Garwood, J., dissenting). None of these circumstances are presented here. The well-established principle that a trial court does not abuse its discretion by ordering a new trial "in the interests of justice and fairness" is clear, we have followed it as recently as 2000, *see In re Bayerische Motoren Werke, AG*, 8 S.W.3d 326; *In re Volkswagen*, 22 S.W.3d 462, and there is no conflicting precedent over the course of the 150 years it has been in place. Our precedent is not unconstitutional, as I will later explain, nor was it incorrect in the first instance. In sum, none of the factors we have considered in those rare instances when we have found it necessary to overrule precedent exist in this case.

Although the Court purports to rely on good policy in support of its new rule, there are also good reasons why a trial court's failure to provide a more specific explanation does not warrant extraordinary relief. For example, it would likely be fundamentally unjust to uphold a verdict when jurors have been inattentive or their perceptions impaired, but our procedural and evidentiary rules only contemplate the development of an evidentiary record when outside influence has been asserted. *See* Tex.R. Civ. P. 327; Tex.R. Evid. 606(b). In *Tanner v. United States*,

R.I.Super. Ct. R. Civ. P. 59(d); S.C. R. Civ. P. 59(d); S.D. Codified Laws § 15–6–59(d) (2004); Tenn. R. Civ. P. 59.05; Utah R. Civ. P. 59(d); Vt. R. Civ. P. 59(d); Wash.Super. Ct. Civ. R. 59(d), (f); W. Va. R. Civ P. 59(d); Wyo. R. Civ. P. 59(d).

the jury was allegedly under the influence of alcohol and drugs, including marijuana and cocaine, for much of the trial. 483 U.S. 107, 115–16, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). That evidence was inadmissible under Federal Rule of Civil Procedure 606(b), which is almost identical to Texas Rule of Civil Procedure 606(b). *Id.* at 125, 107 S.Ct. 2739. Under the Court's decision today, it is not clear how extended the trial court's explanation for a new trial in similar circumstances would have to be, nor is it clear what a reviewing court should do with that information. For the Court's rule to have meaning, the trial judge would likely need to identify which jurors were impaired, how much so, and when, all without the ability to develop an evidentiary record. The party challenging the new trial order would surely counter that the jury was not impaired, or at least not so impaired as to taint the verdict. It is unclear how an appellate court could effectively review such an order, or whether such a reason, though probably "good cause" to order a new trial under Rule 320, would be sufficient to survive mandamus review.

The procedural history of this case aptly demonstrates another reason why extraordinary relief is not warranted for the trial court's failure to provide a more specific explanation. During the pendency of this Court's review, the trial judge who ordered a new trial, the Honorable Merrill Hartman, left office and a new judge succeeded him. We abated the original proceeding to allow the successor judge to reconsider Judge Hartman's ruling. *See* TEX.R.APP. P. 7.2(b). The new judge did so, and reaffirmed Judge Hartman's order. The Court today sends the case back to the successor judge to specify the reasons why a new trial was granted. To the extent the successor judge is able to make an independent assessment based on the record, this may be feasible. But if Judge

Hartman based his decision in whole or in part on unfairness that he perceived during the proceedings, which until today he was not required to articulate on the record, then the successor judge is faced with an impossible task. In such a circumstance, changing the rules in midstream produces a substantial injustice. And if the successor judge reviews the transcript of the proceedings and reaffirms the new trial order because the jury's verdict was against the great weight and preponderance of the evidence, the Court today opens the door to interlocutory evidentiary review of that decision which heretofore has only been afforded on appeal from a final judgment. *See Champion Int'l Corp.,* 762 S.W.2d at 899; *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist.,* 162 Tex. 613, 350 S.W.2d 330, 331 (1961).

The Court purports to preserve the discretion traditionally afforded trial courts in issuing new trial orders, but the practical effect of its decision will be more frequent appellate intervention and delay. *See Johnson,* 700 S.W.2d at 918; *see also Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Moreover, without the vetting that the Court's rule-making process would afford, the parameters for reviewing the trial court's explanation are murky at best. For example, the rules contemplate a trial court's discretion to grant a new trial for "good cause" based on "insufficiency or weight of the evidence." *See* TEX.R. CIV. P. 320, 326. Will a judge's statement that a new trial is ordered "because of insufficiency or weight of the evidence" satisfy the court's requirement? TEX.R. CIV. P. 326. Or must the trial judge, like an appellate court, review the entire record and expend its resources "detail[ing] the evidence relevant to the issue in consideration and clearly stat[ing] why the jury's

finding is factually insufficient or is so against the great weight and preponderance as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias?" *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). If upon reflection the judge believes that a particular witness should not have been allowed to testify, or a piece of evidence should not have come in, or a requested instruction should have been included in the charge, are those reasons subject to interlocutory review before a new trial may proceed? If the appellate court considers an articulated reason invalid, will the case go back down for the judge to consider alternative grounds that were urged in support of the new trial motion? And if a new trial is granted based upon the judge's personal observations, to what extent may those observations be tested? Is it sufficient for the judge to explain that the jury was generally inattentive, or must the judge identify the particular jurors and allow the making of a record for purposes of challenging the judge's perception?

Such micromanagement of the trial process diminishes the important role trial courts play in making decisions with the benefit of observing first hand the demeanor of the witnesses, parties, attorneys, and jurors, and any other aspect of the trial that may not be reflected on a cold record. *See Murff v. Pass*, 249 S.W.3d 407, 411 (Tex.2008) (citing *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 753 (Tex.2006)). The discretion afforded trial courts is particularly broad in the area of jury management. For example, we have frequently stated that trial courts have "wide latitude" in conducting voir dire proceedings and determining whether a juror is impartial. *Id.* We have noted that an interpretation of juror behavior "turns on the courtroom context, and perhaps the looks on their faces." *Hyundai*,

189 S.W.3d at 755. Given the trial court's observational advantage, it is in a better position than a reviewing court to discern whether the parties received the fair trial that our laws guarantee, which is why we have long said "[a]n appellate court may not substitute its discretion for that of the trial court." *Johnson*, 700 S.W.2d at 918.

Although acknowledging that orders granting new trials are rare, Columbia warns that without careful interlocutory scrutiny judges will be free to substitute their opinions for those of the jury. Even accepting the premise that some stray trial courts may intentionally abuse their discretion in this regard, I doubt that requiring wayward courts to explain their decisions will bring them back into the fold; a judge intent on granting a new trial without good cause can surely construct a plausible reason capable of withstanding appellate scrutiny. While I agree that trial courts should, when feasible, explain to the parties why a new trial is being granted, imposing such a requirement threatens to impede the conscientious trial judge's ability to correct errors or unfairness that may have occurred in the proceedings, and ultimately result in fruitless expense and delay.

### III. Columbia's Constitutional Challenge

Columbia contends our precedents allowing trial courts to grant new trials "in the interests of justice and fairness," without further explanation, violate federal and state constitutional guarantees of due process and the state constitutional guarantee of trial by jury. Specifically, Columbia claims the lack of meaningful appellate review of new trial orders violates substantive and procedural federal constitutional rights to due process and state constitu-

tional rights to due course of law.[5] *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19. According to Columbia, its substantive due-process rights are violated because it is deprived of its property, the jury verdict, in an arbitrary and capricious manner, *see Regents of the Univ. of Mich. v. Ewing*, 474 U.S. 214, 215, 225, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985), and its procedural due-process rights are violated because it did not have the opportunity to contest the new trial order at a hearing on appeal, *see Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). These alleged constitutional violations, Columbia argues, would be cured by effective appellate review of new trial orders.

Neither type of due-process right that Columbia describes is implicated unless a party is deprived of a protected property or liberty interest. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Mathews*, 424 U.S. at 332, 96 S.Ct. 893. Columbia claims deprivation of a property interest, which is only constitutionally protected if the right is independently guaranteed by state or federal law. *Leis v. Flynt*, 439 U.S. 438, 441–42, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979). Columbia does not argue that any federal statute or the common law creates a property right in a particular jury verdict, and we have held that "[n]o party to a civil action has a constitutional right of appeal from an order of the trial court granting a new trial." *Plummer v. Van Arsdell*, 117 Tex. 200, 299 S.W. 869, 870 (1927). Under Texas law, although there is a property interest in a legal claim or contractual right, TEX. PROP.CODE § 111.004(12), there is no property interest in a particular non-final judgment, *Burroughs v. Leslie*, 620 S.W.2d 643, 644 (Tex. Civ.App.-Dallas 1981, writ ref'd n.r.e.). Furthermore, the Supreme Court has held that no property rights are implicated when a trial court makes a decision that is discretionary under state law, even if the trial court provides no reasoning for its decision. *Leis*, 439 U.S. at 442–44, 99 S.Ct. 698. Because Columbia was not deprived of any protected property interest when the trial court issued its new trial order, Columbia's due-process and due-course-of-law rights are not implicated.

Columbia further asserts that allowing trial courts to issue new trial orders without appellate review deprives it of its state constitutional right to trial by jury. *See* TEX. CONST. art. I, § 15, art. V, § 10. I agree that the Texas Constitution guarantees Columbia a right to a trial by jury in this health care liability case. But new trial orders, even if shielded from interlocutory review, do not infringe on that right. We upheld the constitutionality of such orders in *Plummer*, and I see no reason to revisit the question here. 299 S.W. at 870. Columbia has had a trial by jury and will have another; it does not have a constitutional right to a particular jury or a particular jury verdict. Indeed, the discretion afforded a trial court in granting new trials does not deprive parties of the right to a fair trial by jury; to the contrary, it helps to guarantee that right when circumstances of the first trial were unjust or unfair to one of the parties. *See* Hon. Scott Brister, *The Decline in Jury Trials: What Would Wal–Mart Do?*, 47 S. TEX.

---

**5.** Although the federal due-process and Texas due-course-of-law clauses are worded differently, we have said that difference is "without meaningful distinction" and have "traditionally followed contemporary federal due process interpretations." *Univ. of Tex. Med. Sch.*

*v. Than*, 901 S.W.2d 926, 929 (Tex.1995); *see also Nat'l Collegiate Athletic Ass'n v. Yeo*, 171 S.W.3d 863, 867–68 (Tex.2005). Columbia does not argue that a distinction should be drawn here.

L.Rev. 191, 221 (2005) ("If the first jury was correct, then a second can confirm it."). Given that the merits of Creech's claims and Columbia's defenses will ultimately be decided by a jury, Columbia has not been deprived of its right to a trial by jury.

### IV. Conclusion

This case does not present exceptional circumstances to warrant overturning clear and longstanding precedent on mandamus review. Because the Court concludes otherwise, I respectfully dissent.