In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00257-CV


____________________



IN RE CARRIZO OIL & GAS CO. AND JAMES BRISTOL


 




Original Proceeding






OPINION



 In this petition for writ of mandamus, relators Carrizo Oil & Gas Co. and James
Bristol contend the trial court abused its discretion by granting a motion for new trial filed
by Ronald Lewis after the trial court entered a take-nothing judgment on a jury verdict that
found negligence solely on the part of a designated responsible third party.

 Carrizo Oil and Bristol contend the trial court abused its discretion by granting a
motion for new trial. According to the relators, the trial court abused its discretion in
granting a new trial because the trial court did not believe the testimony of one witness. They
argue the trial court usurped the role of the jury.

 Lewis raised only one ground in support of his motion for new trial: that "the great
weight and preponderance of the evidence supports a finding that Defendants Bristol and
Carrizo were negligent, and the jury's answer of no negligence is manifestly unjust." 
Lewis's motion for new trial alleged:

 Plaintiffs sued Defendant [as] a result of the acts and omissions of the
Defendant, and that such conduct caused injuries and damages. The evidence
conclusively established that the Defendant was negligent. In fact, the
Defendants James Bristol/Carrizo Oil & Gas, admitted that a duty existed to
move Plaintiff out of harm's way (an alleged pinch point) prior to the
beginning of the casing operation. However, against the great weight and
preponderance of the evidence, the jury found that the negligence of Premiere,
Inc[.], the plaintiff's employer[,] was the sole cause of the accident, and
Plaintiff's injuries. Since this finding was against the great weight and
preponderance of the evidence, Plaintiff is entitled to a new trial. 


 The Rules of Civil Procedure recognize the trial court has the power to grant a motion
for new trial "for good cause." See Tex. R. Civ. P. 320. Trial courts have "significant
discretion in granting new trials." In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.,
No. 06-0416, _____ S.W.3d _____, 2009 WL 1900509, at *7 (Tex. 2009). However, this
discretion is not without limitation. The trial court must set out with reasonable specificity 
its reasons for granting a new trial. Id. at **7-8. Because the trial court's order does not give
any reason for the decision to set aside the jury verdict and grant a new trial, the trial court
abused its discretion. See id. at *7. For that reason, we conditionally grant the petition for
writ of mandamus. We are confident the trial court will comply with this order, and the writ
will issue only in the event that it does not.

 WRIT CONDITIONALLY GRANTED.


 PER CURIAM



Submitted on June 22, 2009

Opinion Delivered July 16, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.