COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-10-173-CV

 

 

IN RE MICHAEL A. SMITH                                                                    RELATOR

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Relator
filed this petition for writ of mandamus after the trial court issued an order
on April 22, 2010 granting a new trial without specifically setting out its
reasons for disregarding the jury=s
verdict.  We conclude that the trial
court abused its discretion and that relator has no adequate remedy by appeal.[2]  We therefore conditionally grant the writ of
mandamus.








The
Supreme Court of Texas has held that trial courts must state specific reasons
for refusing to render judgment on a jury verdict and for granting a new trial,
and that the failure to do so is correctable by writ of mandamus.[3]  In this case, the trial court did not state
any reasons for granting the motion for new trial. 

We
conclude that the trial court abused its discretion by failing to specify its
reasons for ordering a new trial. 
Accordingly, we conditionally grant relator=s
petition for writ of mandamus.  We direct
the trial court to vacate its April 22, 2010 order and to issue an order
specifying its reasons for ordering a new trial within thirty days.  We are confident that the trial court will
comply, and the writ will issue only if the trial court fails to do so.  The stay of the trial court proceedings
issued on June 1, 2010 is hereby lifted.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and
MEIER, JJ. 

 

DELIVERED: June 17, 2010

 











[1]See Tex. R. App. P. 47.4, 52.8(d). 





[2]See In re Columbia Med.
Ctr. of
Las Colinas, 290 S.W.3d 204, 212B15 (Tex. 2009) (orig. proceeding).





[3]See id.; see also In re United
Scaffolding, Inc., 301 S.W.3d 661, 662 (Tex. 2010) (orig. proceeding).