**Opinion issued October 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00742-CV

————————————

## IN RE PAIGE ELAINE LAUREN AND RAYMOND HENRY TAYLOR, Relators

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relators Paige Elaine Lauren and Raymond Henry Taylor seek mandamus relief to vacate the trial court's July 25, 2025 order granting a new trial and ask that we reinstate the final judgment.[1] The Court requested a response from real parties

---

[1] The underlying case is *Paige Elaine Lauren and Raymond Henry Taylor v. DV Communities LLC, Doorvest Inc., Kundra Sachin, Quyen Le, and Jackie "Jack" Sheely*, cause number 2022-71961, pending in the 80th District Court of Harris County, Texas, the Honorable Sonya L. Aston presiding.

in interest DV Communities, LLC, Doorvest, Inc., Sachin Kundra, Quyen Le, and Jackie "Jack" Sheely, who filed a response, asserting that the parties know the basis for the new trial, but agree that the trial court's order did not contain legally appropriate and reasonably specific reasons for granting a new trial and ask that we permit the trial court to issue a modified order. Relators also requested emergency relief staying the new trial. We conditionally grant the petition.

The underlying case was a breach of contract action brought by relators. The case was tried to a jury and the jury returned a verdict for the relators, awarding damages in the amount of $2,344.67 and attorney's fees of $93,545.10. The trial court advised that it was going to visit with the jury for a few minutes in the jury room and stated that they might be asked to give a written statement though there was no obligation to do so. Nothing further appears in the transcript.

Relators state in their petition and Christopher A. Stevenson, attorney for real parties in interest, stated in his affidavit attached to the motion for new trial, that after the attorneys had been dismissed and left the courthouse on June 5, 2025, they received a call from the bailiff instructing them to return to the courtroom. Once there, the trial court advised attorneys for both parties that the trial court had witnessed a juror, "who was a paralegal at a large, prestigious law firm," tell other jurors about the $1,000 per hour fee lawyers at her firm charged. This meeting between the trial judge and the attorneys was not recorded.

Stevenson stated in his affidavit that he moved for a mistrial, which the trial court granted. Despite the apparent grant of a mistrial (no order appears in the mandamus record), the trial court signed a final judgment on the verdict on June 17, 2025. On July 10, 2025, real party DV Communities, LLC filed a motion for new trial, supported by Stevenson's affidavit concerning the unrecorded June 5, 2025 trial court statements to both counsel. Stevenson also states that, because the only source for the information about the juror's comment was from the trial judge, Stevenson thought it was inappropriate to seek an affidavit from the trial judge. Stevenson added that he did not believe affidavits from any of the jurors was necessary and he stated he was uncomfortable contacting jurors.

The motion for new trial was set for submission on July 28, 2025, but on July 25, 2025, the trial court signed an order stating:

> After considering defendant, DV Communities, LLC's motion for new trial, the response, the pleadings and arguments of counsel, the Court GRANTS the motion and orders a new trial.

On August 8, 2025, relators filed a motion for reconsideration, arguing that no evidence was submitted in support of the real party's motion, no hearing was held, and no reasons were stated in the order. The trial court signed an order on August 21, 2025, denying the motion for reconsideration.

Relators contend the trial court abused its discretion in granting new trial without specifying any grounds or providing any explanation despite the lack of

3

evidence of juror misconduct. Thus, relators essentially offer two reasons that the order granting new trial was an abuse of discretion: (1) it failed to include specific reasons and (2) it was not based on evidence of juror misconduct.

Mandamus relief is available "to correct a clear abuse of discretion or violation of a duty imposed by law, when an adequate remedy by appeal does not exist." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (citations omitted). The requirement of an abuse of discretion is established "where a trial court acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018).

Concerning the adequacy of relators' remedy by appeal, the Texas Supreme Court has held that when a motion for new trial is timely filed and the motion is granted during a trial court's plenary power, the order granting new trial is not reviewable on appeal. *See Columbia Med. Ctr.*, 290 S.W.3d at 209. Here, the motion for new trial was timely filed in that it was filed within 30 days of the date the trial court signed the judgment. *See* TEX. R. CIV. P. 329b((a). When a timely motion for new trial has been filed, the trial court's plenary power extends until thirty days after the motion is overruled, whether by written order or by operation of law, whichever occurs first. *See* TEX. R. CIV. P. 329b(e). In this case, the order granting

4

the motion was signed fifteen days after the motion for new trial was filed, and thus, the order was signed during the trial court's plenary power.

Because the motion for new trial was timely filed and the order granting that motion was signed during the trial court's plenary power, there is no review by appeal of the order. *See Columbia Med. Ctr.*, 290 S.W.3d at 209. Therefore, relators have no adequate remedy by appeal. But to establish their right to mandamus relief, relators must also show that the trial court abused its discretion by failing to specify the grounds for granting a new trial.

Texas Rule of Civil Procedure 320 provides that a new trial may be granted and the judgment may be set aside for "good cause, on motion or on the court's own motion on such terms as the court shall direct." TEX. R. CIV. P. 320. The motion must state the bases so that the trial court can understand the basis for the motion. TEX. R. CIV. P. 321.

In the *Columbia Medical Center* case, the trial court had granted a new trial "in the interests of justice and fairness." 290 S.W.3d at 206. The Texas Supreme Court stated that, although a trial court has broad discretion to grant a new trial, "that discretion is not limitless." *Id.* at 210. The Court observed that appellate courts are required to explain by written opinions the analyses and conclusions concerning the issues raised. *See id.* at 211. Although the Court recognized the differences between appellate court review and trial court decisions, the Court discerned no "meaningful

difference to the parties between an appellate court reversing a judgment based on a jury verdict and a trial court setting the verdict aside or disregarding it" because the end result is the same—the prevailing party loses its jury verdict or judgment. *Id.* at 211–12.

Noting that more than forty states and the District of Columbia require courts under certain circumstances to specify reasons for setting aside a jury verdict, and that Federal Rule of Civil Procedure 59(d) requires a trial court to specify reasons for granting a new trial on its own motion, the Court determined that a trial judge should not substitute his view for that of the jury without stating a valid basis for doing so. *Id.* at 212. Therefore, the Court held that a trial court must specify the reasons it refused to enter judgment on the jury verdict and ordered a new trial. *See id.* at 215. "The reasons must be clearly identified and reasonably specific." *Id.* Broad statements that the new trial was granted "in the interest of justice" are not sufficiently specific. *See id.*

Real parties agree with relators' argument that the trial court's order is legally deficient, explain that they drafted the deficient order, and agree that the trial court must specify reasons. Because the trial court in this case provided no reasons for

granting the new trial, we conclude that the trial court abused its discretion.[2] *See id.* at 212, 215.

Because relators have established their right to mandamus relief, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate the order of July 25, 2025 granting real party's motion for new trial and enter a new order specifying the reasons it ordered a new trial. We are confident the trial court will comply and the Court will issue the writ only if it does not. Relators' request for emergency relief is dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.

---

[2] Relators also argue that the trial court abused its discretion in granting a new trial because there is no evidence of juror misconduct. We decline to address this issue because the trial court's order did not specify that it was based on juror misconduct.