NUMBER 13-09-00599-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE MIGUEL SALINAS AND MARIA E. SANIN


D/B/A NEW AGE ADULT DAY CARE






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Per Curiam Memorandum Opinion (1)



 Through this original proceeding, relators, Miguel Salinas and Maria E. Sanin d/b/a
New Age Adult Day Care, seek to compel the trial court to "reasonably specify the basis
for granting a new trial in this cause." For the reasons stated herein, we deny the petition
for writ of mandamus.

I. Background


 Real party in interest, Idelfonsa Casarez, was injured in an automobile accident
while traveling in a van driven by relator Miguel Salinas. She brought suit against relators
and an additional defendant, Gregorio Huerta, Jr., who is not a party to this proceeding. 
The case was tried to a jury which assessed fifty percent liability to "Miguel Salinas & New
Age Adult Day Care, Inc." and fifty percent liability to Huerta. The jury awarded Casarez
$2,638.65 in past medical expenses and $2,000.00 for physical impairment, but failed to
award any damages for physical pain and mental anguish. The trial court entered a final
judgment based on the jury's verdict on June 8, 2009. On June 11, 2009, Casarez filed
a motion for new trial contending that the jury's responses were so contrary to the great
weight and preponderance of the evidence as to be manifestly unjust because, despite
"clear, unequivocal, uncontroverted, and compelling" evidence regarding Casarez's
"significant injur[ies] to her left shoulder, upper torso and fracture of the left leg at the
ankle," the jury failed to award damages for pain and suffering or mental anguish. On July
7, the trial court granted a new trial without specifying a reason. According to relator's
petition for writ of mandamus, further events ensued as follows:

 On October the 13th 2009, the court held a DCC wherein the jury selection
for trial was set for November 3rd at 2:00 P.M. 13 days later, while preparing
for trial on October 29th, 2009 Relators' counsel discovered that the Texas
Supreme Court has specifically ruled that such a new trial order is improper
in In re Columbia Med. Ctr. Of Las Colinas, 290 S.W.3d 204 (Tex. July 3,
2009).


Relators filed this petition for writ of mandamus and a motion for emergency stay on
October 30, 2009, contending that the trial court erred in granting a new trial without
explaining the basis for its ruling. This Court granted the motion for emergency stay and
requested that the real party in interest file a response to the petition for writ of mandamus. 
By response, Casarez argues, inter alia, that relators never requested the trial court to
specify its reasons for granting a new trial. 

II. Applicable Law


 The Texas Rules of Civil Procedure recognize that the trial court has the power to
grant a motion for new trial "for good cause." See Tex. R. Civ. P. 320. "Texas trial courts
have historically been afforded broad discretion in granting new trials, [b]ut that discretion
is not limitless." In re Columbia Med. Ctr. of Las Colinas, 290 S.W.3d 204, 210 (Tex. 2009)
(original proceeding) (internal citation omitted). On July 3, 2009, the Texas Supreme Court
held in Columbia that, while the trial court has significant discretion to grant a new trial, the
trial court is required to specify the reasons it is ordering a new trial, and further held that
the "reasons should be clearly identified and reasonably specific," stating that "[b]road
statements such as "in the interest of justice" are not sufficiently specific." See id. at 215. 

III. Analysis


 Based on the supreme court's analysis in Columbia, the trial court's failure to
disclose its reasons for granting a new trial was an arbitrary and impermissible abuse of
discretion. See id. However, mandamus will not issue unless (1) the relator has made a
demand on the respondent and (2) the respondent has denied relief or otherwise refused
to act. See In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999); Terrazas v. Ramirez, 829
S.W.2d 712, 723 (Tex. 1991); Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 556 (Tex. 1990). 
An exception to this "demand and refusal" requirement arises if demand would be futile. 
See In re Perritt, 992 S.W.2d at 446; Terrazas, 829 S.W.2d at 723. 

 There is nothing in the record before us which shows that relators made their
complaint known to the trial court and the trial court refused to act. Further, there is
nothing in the record or circumstances which indicate that any such demand would have
been futile. 

 Moreover, relators waited from July 7, the date that the new trial was granted, until
October 30, the date that this original proceeding ensued and immediately before the new
trial date, before requesting any relief. Delay in the filing of a petition for mandamus relief
may waive the right to relief unless the relator can justify the delay. See In re Int'l Profit
Assocs., Inc., 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). Relators
have failed to justify their delay in filing the instant proceeding. See id.; In re Users Sys.
Servs., Inc., 22 S.W.3d 331, 337 (Tex. 1999) (orig. proceeding); see, e.g., Rivercenter
Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). While it appears
that counsel did not discover the supreme court's ruling in Columbia until October 29, we
query that such allegation constitutes adequate justification for the delay.

IV. Conclusion


 The Court, having examined and fully considered the petition for writ of mandamus
and the response thereto, is of the opinion that relators have not shown themselves
entitled to the relief sought. Accordingly, the stay previously imposed by this Court is
LIFTED. See Tex. R. App. P. 52.10(b) ("Unless vacated or modified, an order granting
temporary relief is effective until the case is finally decided."). The petition for writ of
mandamus is DENIED. See id. 52.8(a).



 PER CURIAM



Delivered and filed the 20th 

day of January, 2010. 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).