

**NUMBER 13-09-00599-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE MIGUEL SALINAS AND MARIA E. SANIN
D/B/A NEW AGE ADULT DAY CARE**

---

**On Petition for Writ of Mandamus.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Per Curiam Memorandum Opinion[1]**

Through this original proceeding, relators, Miguel Salinas and Maria E. Sanin d/b/a New Age Adult Day Care, seek to compel the trial court to "reasonably specify the basis for granting a new trial in this cause." For the reasons stated herein, we deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

## I. Background

Real party in interest, Idelfonsa Casarez, was injured in an automobile accident while traveling in a van driven by relator Miguel Salinas. She brought suit against relators and an additional defendant, Gregorio Huerta, Jr., who is not a party to this proceeding. The case was tried to a jury which assessed fifty percent liability to "Miguel Salinas & New Age Adult Day Care, Inc." and fifty percent liability to Huerta. The jury awarded Casarez $2,638.65 in past medical expenses and $2,000.00 for physical impairment, but failed to award any damages for physical pain and mental anguish. The trial court entered a final judgment based on the jury's verdict on June 8, 2009. On June 11, 2009, Casarez filed a motion for new trial contending that the jury's responses were so contrary to the great weight and preponderance of the evidence as to be manifestly unjust because, despite "clear, unequivocal, uncontroverted, and compelling" evidence regarding Casarez's "significant injur[ies] to her left shoulder, upper torso and fracture of the left leg at the ankle," the jury failed to award damages for pain and suffering or mental anguish. On July 7, the trial court granted a new trial without specifying a reason. According to relator's petition for writ of mandamus, further events ensued as follows:

> On October the 13th 2009, the court held a DCC wherein the jury selection for trial was set for November 3rd at 2:00 P.M. 13 days later, while preparing for trial on October 29th, 2009 Relators' counsel discovered that the Texas Supreme Court has specifically ruled that such a new trial order is improper in *In re Columbia Med. Ctr. Of Las Colinas*, 290 S.W.3d 204 (Tex. July 3, 2009).

Relators filed this petition for writ of mandamus and a motion for emergency stay on October 30, 2009, contending that the trial court erred in granting a new trial without explaining the basis for its ruling. This Court granted the motion for emergency stay and requested that the real party in interest file a response to the petition for writ of mandamus.

2

By response, Casarez argues, inter alia, that relators never requested the trial court to specify its reasons for granting a new trial.

## II. Applicable Law

The Texas Rules of Civil Procedure recognize that the trial court has the power to grant a motion for new trial "for good cause." *See* TEX. R. CIV. P. 320. "Texas trial courts have historically been afforded broad discretion in granting new trials, [b]ut that discretion is not limitless." *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 210 (Tex. 2009) (original proceeding) (internal citation omitted). On July 3, 2009, the Texas Supreme Court held in *Columbia* that, while the trial court has significant discretion to grant a new trial, the trial court is required to specify the reasons it is ordering a new trial, and further held that the "reasons should be clearly identified and reasonably specific," stating that "[b]road statements such as "in the interest of justice" are not sufficiently specific." *See id.* at 215.

## III. Analysis

Based on the supreme court's analysis in *Columbia*, the trial court's failure to disclose its reasons for granting a new trial was an arbitrary and impermissible abuse of discretion. *See id.* However, mandamus will not issue unless (1) the relator has made a demand on the respondent and (2) the respondent has denied relief or otherwise refused to act. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990). An exception to this "demand and refusal" requirement arises if demand would be futile. *See In re Perritt*, 992 S.W.2d at 446; *Terrazas*, 829 S.W.2d at 723.

There is nothing in the record before us which shows that relators made their complaint known to the trial court and the trial court refused to act. Further, there is

3

nothing in the record or circumstances which indicate that any such demand would have been futile.

Moreover, relators waited from July 7, the date that the new trial was granted, until October 30, the date that this original proceeding ensued and immediately before the new trial date, before requesting any relief. Delay in the filing of a petition for mandamus relief may waive the right to relief unless the relator can justify the delay. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). Relators have failed to justify their delay in filing the instant proceeding. *See id.*; *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999) (orig. proceeding); *see, e.g., Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). While it appears that counsel did not discover the supreme court's ruling in *Columbia* until October 29, we query that such allegation constitutes adequate justification for the delay.

IV. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, the stay previously imposed by this Court is LIFTED. *See* Tex. R. App. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED. *See id.* 52.8(a).

PER CURIAM

Delivered and filed the 20th
day of January, 2010.

4