

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00212-CV

## IN RE WESLEY F. HONZA, JR. AND ROBERT HONZA

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

The Honzas seek a writ of mandamus compelling Respondent, the Honorable Greg Wilhelm, Judge of the County Court at Law No. 1 of Ellis County, to vacate an order permitting interim summations by the attorneys in a jury trial which was stayed by this Court in December 2007 and will resume in July.  Because the Honzas have an adequate remedy by appeal, we will deny their mandamus petition.

"Generally, mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when an adequate remedy by appeal does not exist. Mandamus should not issue to correct grievances that may be addressed by other remedies."  *In re Columbia Med. Ctr of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (citations omitted).  "Used selectively, mandamus can 'correct clear errors in

exceptional cases and afford appropriate guidance to the law without the disruption and burden of interlocutory appeal.'" *Id.* (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004)).

The Honzas contend that their case is an "exceptional" one for which the principals enunciated in *Prudential* dictate that mandamus relief is appropriate even though relief by appeal will be available after final judgment. We disagree. The Honzas' case does not present a matter of "clear error," nor is the case so "exceptional" that relief by appeal will be an inadequate remedy. *See In re Pilgrim's Pride Corp.*, No. 06-08-00109-CV, 2008 Tex. App. LEXIS 8619, at *4-8 (Tex. App.—Texarkana Nov. 17, 2008, orig. proceeding) (mem. op.) (relator had adequate remedy by appeal for review of ruling excluding testimony).

Therefore, the petition is denied.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurring with note)*
Petition denied
Opinion delivered and filed June 30, 2010
[OT06]

*      (Chief Justice Gray concurs in the denial of the petition for writ of mandamus but for reasons entirely different than those expressed in the memorandum opinion. A separate opinion will not issue. He notes, however, that he did not participate in the opinion denying the earlier petition for writ of mandamus and expressly dissented to the granting of the stay of the trial court proceedings during the middle of trial and the Court's refusal to include his dissent thereto in the order staying the trial, which issued on December 28, 2007.

On December 5, 2007, the Court had unanimously stayed the trial court's discovery order compelling certain discovery. *In Re Honza* No. 10-07-00378-CV (Dec. 5, 2007) (original proceeding) (order). Notwithstanding that the discovery order was stayed the trial court, apparently without objection from the parties, proceeded to trial without the items allegedly sought in discovery and without resolution of the validity of the order compelling the discovery. At this juncture it serves no useful purpose to fully explain why but, based upon the limited review that the circumstances then allowed Chief Justice Gray, he did not believe that a stay of the trial was necessary or appropriate because it did not appear that the discovery ordered had ever been properly or timely requested. Further, if the items sought in the motion to compel had been properly and timely requested in discovery and a timely motion to compel had been pursued and production properly and timely ordered, there would have been no need to interrupt a second trial to allow the discovery (An earlier jury trial had resulted in a mistrial). Nevertheless, a trial that had been in process for 11 days was stayed by an order of a majority of this court to consider the propriety of the trial court's order compelling production of certain computer data known as "meta data."

Now, over 2.5 years after the second proceeding was stopped in the middle of a jury trial for a discovery issue, the trial court intends to resume that trial. To facilitate that process the trial court has rendered an order that will allow the parties one hour each to summarize the evidence that had previously been presented in 11 days of trial and which time also includes the opportunity for the defendants, Relators here, to provide the jurors with a supplemental opening statement. The Court holds that any issue regarding what now happens in the middle of trial can be adequately reviewed on appeal. Chief Justice Gray concurs only in the result for the reasons stated below.

Without addressing the efficacy of, or the many problems that the trial court, the parties, and the jurors may experience in the effort to continue with a trial interrupted for so long, on the narrow issue presented by this mandamus proceeding, he does not believe that it is an abuse of the trial court's discretion to allow the parties the opportunity to summarize the evidence previously presented. Given the length of the interruption in the trial, it would be difficult to simply resume the trial with the presentation of the defendants' case-in-chief (the trial was stayed when the plaintiffs' had fully presented their case-in-chief.) And at this juncture, while he recognizes the concern that the summaries will cross over into argument which is only proper "after the evidence is concluded and the charge is read," TEX. R. CIV. P. 269 (a), that is not an issue that we can address in this mandamus proceeding. *See generally Parker v. State*, 51 S.W.3d 719, 723-7245(Tex. App.—Texarkana 2001, no pet.). The scope of the summaries and thus the duty to keep them within the proper boundaries begins with the lawyers as officers of the court but ultimately rest with the trial court to supervise and control the events in the court room, including limiting the summaries given by the parties to the proper scope.

Accordingly, for the reasons expressed, Chief Justice Gray concurs in the judgment of the Court to deny the petition for writ of mandamus.)