COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
|  | § |  |
|  | § | No. 08-09-00293-CV |
| IN RE: TOYOTA MOTOR SALES, U.S.A., INC., AND VISCOUNT PROPERTIES II, L.P. , D/B/A HOY FOX TOYOTA/LEXUS, | § | AN ORIGINAL PROCEEDING |
|  | § | IN MANDAMUS |
| Relators. | § |  |
|  | § |  |

**O P I N I O N**

Toyota Motor Sales, Inc., U.S.A. and Viscount Properties II ("Toyota") have filed a petition for writ of mandamus to compel the Honorable Yvonne T. Rodriguez, Judge of the Probate Court No. 1 of El Paso County, to withdraw her order granting a new trial in the underlying case and enter a take-nothing judgment in Toyota's favor.

The underlying lawsuit was filed on behalf of the estate of Richard King by and for his surviving family members ("the Kings"). Mr. King was killed in a rollover accident on August 25, 2004. The Kings sued Toyota U.S.A. and Viscount Properties alleging his 1997 Toyota 4 Runner caused Mr. King's death because the vehicle contained a defective restraint system which allowed Mr. King to be ejected from the vehicle when it rolled. The case was submitted to the jury in El Paso County Probate Court No. 1 on June 5, 2009. The jury determined that there was no design defect in the 4 Runner's occupant safety system and issued a verdict in favor of Toyota. The trial court entered judgment on the jury's verdict on July 13, 2009.

On August 7, 2009, the Kings moved for a new trial in the case. The Kings argued counsel for Toyota had violated the trial court's limine and evidentiary rulings by referring to a lay opinion provided by a police investigator regarding Mr. King's seatbelt use at the time of the accident. The Kings' argued that Toyota's references to the investigator's opinion that Mr. King was not wearing a seatbelt at the time of the accident during the presentation of evidence and closing argument necessitate a new trial "in the interest of justice." The Kings amended their motion on September 9, 2009, alleging that in addition to the grounds outlined in their original motion, a new trial was also necessary in order to explore newly discovered evidence.

The trial court entered an order granting the Kings' a new trial on September 22, 2009. The order states:

> On this day, the Court considered the Plaintiff's Motion for New Trial, Defendant's Response, Plaintiff's Amended Motion for New Trial, the law, and the record. After considering same and pursuant to this Court's authority under Rule 320 of the Texas Rules of Civil Procedure, the Court now hereby grants a new trial in the above-styled cause in the interest of justice **because** Defendant willfully disregarded, brazenly and intentionally violated the Court's orders in limine, evidentiary rulings, instructions and orders concerning a crucial evidentiary issue relating to seat belt use by Mr. Richard King, the decedent, during Defendant's closing argument, it purported to present evidence outside the record, and commented on matters in violation of the Court's order in limine. Specifically, during closing argument, Defendant read from the Deposition of witness Justin Coon concerning his lay opinion, and conclusion that Mr. King was not wearing a seat belt at the time of the commencement of the rollover. The Court had previously excluded these lay opinions and conclusory remarks by witness Coon on the grounds that they were not based on his personal knowledge and were, therefore, conclusory and incompetent to be presented to the jury and because witness Coon did not have the requisite training, education, schooling, or experience to opine whether or not Mr. King had been belted at the start of the rollover. This Court, mindful of its obligations under new Texas Supreme Court authority, *In re Columbia Medical Center of Las Colinas Subsidiary, L.P., d/b/a Las Colinas Medical Center, et. al.*, 52 Tex. Sup. Ct. Jour. 1016, (Tex. 2009), has undertaken the review which only this court can take--which is different than that of an appellate court "who have only the record to consider"--and having seen the

parties, and witnesses and sensed the affect of the above occurrence on the trial grants the motion for new trial, for the specific grounds set out herein, in the interest of justice. *See* 52 Tex. Sup. Jour. 1020. [Emphasis in original].

Additionally, this Court pursuant to its inherent authority to issue sanctions, irrespective of and or in additional to its authority under Rule 320, grants a new trial as a sanction to Defendant's conduct during closing argument because Defense counsel's reading from the deposition of witness Coon during closing argument, such to inject an inadmissible, factually unsubstantiated conclusion and lay opinion was so prejudicial to the Plaintiffs and inflammatory that an instruction to disregard at such a late stage in the trial could not eliminate its harm. Moreover, the court finds, in this regard, that this sanction of granting a new trial is narrowly tailored to prevent this sort of behavior in the future by Defendant.

Toyota petitions this Court to issue a writ of mandamus compelling the trial court to reverse its order granting the Kings a new trial, and to re-instate its take-nothing judgment. Toyota presents two issues in its petition. In Issue One, Toyota contends the trial court abused its discretion by granting a new trial because the reasons stated in the new trial order are legally and factually insupportable. In Issue Two, Toyota asserts this error is correctable by mandamus review under the Texas Supreme Court's decision in *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009)(orig. proceeding).

Generally a writ of mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law, in circumstances when a regular appeal is not an adequate remedy. *In re Columbia*, 209 S.W.3d at 207. In *In re Columbia*, the Texas Supreme Court held that a trial court abused its discretion by failing to specify the reasons for its decision granting a new trial "in the interest of justice." *See In re Columbia*, 209 S.W.3d at 213; *In re E.I. du Pont de Nemours & Co.*, 289 S.W.3d 861, 861-62 (Tex. 2009)(orig. proceeding). The Court concluded, "the parties and the public are entitled to an understandable, reasonably specific

explanation why their expectations [that a jury verdict will close the trial process] are frustrated by a jury verdict being disregarded, or set aside, the trial process being nullified, and the case having to be retried." *In re Columbia*, 209 S.W.3d at 213. The Court conditionally granted mandamus relief, and directed the trial court judge to specify its reasons for granting a new trial. *Id*. at 215. Because the trial court's order did not include the reasons for its ruling, the Court expressly declined to consider the realtor's request for a writ of mandamus directing the trial court to enter judgment on the verdict. *Id*. at 214.

Following *Columbia*, an order granting a new trial in Texas which fails to specify the reasons behind it is subject to correction by writ of mandamus. *See In re E.I. du Pont de Nemours & Co.*, 289 S.W.3d at 862. As our quotation of the trial court's order above demonstrates, there is no question that the trial court in this case specified the reasons for its decision to grant the Kings' motion, and thereby satisfied the specificity requirements of *Columbia*. However, Toyota argues the Supreme Court's analysis in *Columbia* supports further review of the merits of the grounds specified. Based on its conclusion that none of the specified grounds is sufficient to support the order, Toyota asks this Court to compel the trial court to vacate its order, and re-instate its judgment on the jury verdict. We disagree that *Columbia* authorizes such a review on mandamus and we deny the petition.

The *Columbia* decision first reaffirms the trial court's broad discretion in granting new trials. *See In re Columbia*, 290 S.W.3d at 212, *citing Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985)(orig. proceeding). In expressing the broad but not "limitless" discretion trial court's have historically enjoyed in granting motions for new trial, the Court recounted the two instances when a trial court's new trial order is subject to review by regular

-4-

appeal: (1) when the court's order is void; and (2) when the trial court erroneously concluded that the jury's answer to special issues contained an irreconcilable conflict. *In re Columbia*, 290 S.W.3d at 209. The Court's express motivation for the specificity requirement is to support the public perception of fairness in the judiciary through transparency. *See In re Columbia*, 290 S.W.3d at 214.

Furthermore, the Court reaffirmed the trial court's role as arbiter of motion's for new trial under Texas Rule of Civil Procedure 320, and expressly declined to define "good cause" in the context of the rules governing new trial orders except to note that the significance of the right to a jury trial, "counsels against courts setting aside jury verdicts for less than specific, significant, and proper reasons." *In re Columbia*, 290 S.W.3d at 210 n.3. It is the reference to "proper reasons," and a "valid basis" that Toyota argues indicates the Supreme Court's intent for the mandamus review authorized under *Columbia* also includes review of the merits of the grounds stated in a new trial order. *Id.* at 212. We are unpersuaded that the language Toyota relies upon supports such an expansion of *Columbia*. Given the Court's reaffirmance of a trial court's broad discretion in these circumstances as discussed above, we do not agree that the passing references to "proper reasons" and "valid" bases indicate the Court's intent to add a merits review of the grounds stated in an order which otherwise satisfies the specificity requirement. It cannot be said that this order fails to serve the goal of judicial transparency cited in *Columbia*, and that as such, the order serves to bolster the perception that this jury verdict was not set aside lightly. *See In re Columbia*, 209 S.W.3d at 211. Because the new trial order in this case satisfied the requirements of *Columbia*, Toyota has not demonstrated a clear abuse of discretion and we overrule Issue One.

Having overruled Issue One, we decline to address Toyota's argument that a regular

appeal is not an adequate remedy in this instance. *See In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding). The mandamus relief requested is denied.


September 29, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.