

# NUMBER 13-11-00589-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE STEPHEN HEARD

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes**
**Per Curiam Memorandum Opinion**[1]

Relator Stephen Heard filed a petition for writ of mandamus in the above cause on September 20, 2011, seeking to compel the trial court to set aside and vacate its August 12, 2011 order to the extent it: (1) granted a new trial on damages only; and (2) concluded that Heard waived his breach of contract defenses. The Court requested and received a response to the petition for writ of mandamus from the real party in interest Rangen, Inc. on October 13, 2011, and Heard filed a reply on October 17, 2011.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

The Court, having examined and fully considered Heard's petition for writ of mandamus, Rangen's response, and Heard's reply, is of the opinion that Heard has not shown himself entitled to the relief sought. Heard claims that the trial court erred in ruling that he waived liability and his defenses and asserts that this ruling will clearly and undisputedly be reversed on appeal. As such, Heard is asking this Court to expand mandamus relief on the basis that a new trial on damages only, under the trial court's ruling, would skew the litigation process, strip Heard of his ability to mount a meaningful defense, and be a waste of public and private time and resources.

We decline to expand mandamus relief in this instance and will, instead, continue to follow applicable precedent and limit review of new trial orders to the instances delineated by the Texas Supreme Court in *In re Columbia Med. Ctr. of Las Colinas. See* 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding) (identifying only two situations where a direct appeal may be taken from an order granting a new trial: "when the trial court's order was void and when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict," and identifying only one situation where mandamus is appropriate: when the trial court grants a motion for new trial after a verdict but does not specify its reasons); *In re Toyota Motor Sales, U.S.A., Inc.*, 327 S.W.3d 302, 304 (Tex. App.—El Paso 2010, orig. proceeding) (declining to expand mandamus limits set by *Columbia*). In this case, Heard does not attack the trial court's order on any of the three bases identified in *Columbia.*

Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed 18th
day of October, 2011.

2