

NUMBER 13-12-00633-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE ANTONIO M. LACY

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion Per Curiam[1]**

Relator, Antonio M. Lacy, filed a petition for writ of mandamus in the above cause on October 19, 2012. Relator seeks to set aside an order signed on May 17, 2011, dismissing the underlying civil proceeding under Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (West 2002 & Supp. 2011). We deny the petition for writ of mandamus.

To be entitled to the extraordinary relief of a writ of mandamus, relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator has the burden to establish both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

In the instant case, relator seeks to set aside an order that we have already affirmed on direct appeal. *See Lacy v. Jackson*, No. 13-11-00364-CV, 2012 Tex. App. LEXIS 1128, at *1 (Tex. App.—Corpus Christi Feb. 9, 2012, no pet.) (mem. op.). Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to show that he lacks an adequate remedy by law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. The petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
24th day of October, 2012.