

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00850-CV

**IN RE DISCOUNT TIRE COMPANY OF TEXAS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:  Karen Angelini, Justice
     Rebeca C. Martinez, Justice
     Luz Elena D. Chapa, Justice

Delivered and Filed: January 23, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On December 21, 2012, Discount Tire filed a petition for writ of mandamus and a motion for temporary relief. Discount Tire seeks mandamus relief from an order setting aside the jury's verdict and ordering a new trial after the trial court concluded the evidence was factually insufficient to support the jury's verdict. Discount Tire contends that in doing so the trial court merely substituted its own judgment for that of the jury and mandamus relief is appropriate.

To date, the Texas Supreme Court has only provided for limited review of a trial court's order granting a new trial. *See In re United Scaffolding, Inc.*, 377 S.W.3d 685, 686 (Tex. 2012) (orig. proceeding); *In re Columbia Med. Ctr.*, 290 S.W.3d 204, 209–10 (Tex. 2009) (orig.

---

[1] This proceeding arises out of Cause No. 2011-CI-06059, styled *Reymundo Delgado, Individually and as Representative of the Estate of Luis Alfonso Delgado, Martha Delgado, Joanna Martinez, as Next Friend of L.D., a minor, Savina Garcia as Next Friend of A.D. and I.D., minors, David U. Cortez and Blanca v. Casarez and Blanca Moreno v. Discount Tire Company of Texas, Inc.*, pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.

proceeding).[2]  In the Texas Supreme Court's most recent decision on this issue in *In re United Scaffolding*, the Court analyzed its previous holding in *In re Columbia* and provided further guidance regarding mandamus review of a trial court's order granting a new trial.  *See In re United Scaffolding*, 377 S.W.3d at 687–89 (citing *In re Columbia*, 290 S.W.3d at 212).  The Court provided that "in considering how detailed a trial court's new-trial order must be, as well as what level of review it is subject to, we must both afford jury verdicts appropriate regard and respect trial courts' significant discretion in these matters."  *Id.* at 687.  The Court found that in *In re Columbia*, the opinion only touched on the substance of a trial court's reason for granting a new trial in explaining what that reason could not be, which is to substitute the trial court's judgment for that of the jury.  *Id.* (citing *In re Columbia*, 290 S.W.3d at 213).  "A trial court need not provide a detailed catalog of the evidence to ensure that, however subject to differences of opinion its reasoning may be, it was not a mere substitution of the trial court's judgment for the jury's."  *Id.*  "That purpose will be satisfied so long as the order provides a cogent and reasonably specific explanation of the reasoning that led the court to conclude that a new trial was warranted."  *Id.*

The Court went on to hold that "a trial court does not abuse its discretion so long as its stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate (such as a well-defined legal standard or a defect that probably resulted in an improper verdict); and (2) is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand."  *Id.* at 688–89.  The Court reiterated that one example of when the trial court's

---

[2] This court has previously declined to conduct a substantive review of a trial court's order granting a new trial in a mandamus proceeding.  *See In re Camp Mystic, Inc.*, No. 04-10-00694-CV, 2011 WL 4591194 (Tex. App.—San Antonio October 5, 2011, orig. proceeding) (mem. op.); *see also In re State Farm Mut. Auto. Ins. Co.*, 04-11-00708-CV, 2011 WL 4830177 (Tex. App.—San Antonio 2011, orig. proceeding) (mem. op.).

reasons would amount to a clear abuse of discretion is when "the articulated reasons plainly state that the trial court merely substituted its own judgment for the jury's." *Id.* at 689.

In the case at hand, Discount Tire contends the trial court abused its discretion by ordering a new trial when it merely substituted its own judgment for that of the jury. We disagree. The trial court's articulated reasons did not plainly state the trial court merely substituted its own judgment for that of the jury's. *Id.* The trial court's order provides a reasonably specific explanation of the reasoning that led the trial court to conclude that a new trial was warranted. *See id.* at 688; *In re Columbia*, 290 S.W.3d at 213. Accordingly, we conclude the trial court's order satisfies the requirements set out in *In re Columbia* and further articulated in *In re United Scaffolding*. *Id.* At this time, the Texas Supreme Court has not indicated that any further substantive review of a trial court's order granting of a new trial is appropriate in a mandamus proceeding.

Accordingly, the court is of the opinion that Discount Tire is not entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM