**Deny and Opinion Filed March 16, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00242-CV

### IN RE KIP DIXON, Relator

**Original Proceeding from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-52676-2008**

## MEMORANDUM OPINION
Before Justices Bridges, Stoddart, and Whitehill
Opinion by Justice Bridges

Relator filed this original proceeding requesting that the Court order the elected judge of the trial court to withdraw her order granting new trial following a bench trial to an assigned judge. A trial court has broad discretion in granting new trials. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 206 (Tex. 2009). We decline relator's invitation to extend merits-based mandamus review to orders granting new trial in proceedings such as this one. *See In re Foster*, No. 05-15-00179-CV, 2015 WL 682335, at *1 (Tex. App.—Dallas Feb. 18, 2015, orig. proceeding) (mem. op.) (declining to extend mandamus review to order granting new trial following bench trial); s*ee also In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 762–63 (Tex. 2013) (orig. proceeding) (Lehrmann, J. concurring) (noting concerns regarding transparency in setting aside jury verdict are not present with regard to orders issued after bench trials); *In re Cort,* No. 14-14-00646-CV, 2014 WL 4416074, at *2 (Tex. App.—Houston [14th

Dist.] Sept. 9, 2014, orig. proceeding) (mem. op.) (declining to extend mandamus review to order granting new trial following post-answer default judgment); *In re Old Am. Cnty. Mut. Fire Ins. Co.,* No. 13–13–00644–CV, 2014 WL 1633098, * 11 (Tex. App.–Corpus Christi Apr. 23, 2014, orig. proceeding) (mem. op.) (declining to extend mandamus review to include merits-based review of orders granting new trial in non-jury cases).

Particularly in a case such as this one, which involved less than a full-day trial, "the benefits of a relatively prompt retrial if the judge perceives unfairness in the proceedings outweigh the detriments of prolonging final judgment pending interlocutory appellate review." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 215 (Tex. 2009) (O'Neill, J. dissenting); s*ee also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding) (pointing out mandamus review can, "interfere[] with trial court proceedings, distract[] appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and add[] unproductively to the expense and delay of civil litigation" ).  The fact that the order granting new trial was signed by the elected judge after trial by an assigned judge does not change this balance.  *Cf.* TEX. GOV'T CODE ANN. § 24.003 (West Supp. 2014) (in counties with two or more district courts "A district judge in the county may hear and determine any part or question of any case or proceeding pending in any of the district courts, and any other district judge may complete the hearing and render judgment in the case or proceeding.

A district judge may hear and determine motions, including motions for new trial . . . ."); TEX. R. CIV. P. 330(g) (in any county in which there are two or more district courts having civil jurisdiction, "any judge may hear any part of any case or proceeding pending in any of said courts and determine the same, or may hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case").

We deny the petition.

150242F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE