

# NUMBER 13-15-00162-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RONALD G. HOLE AND CHERYL D. HOLE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam[1]

Relators, Ronald G. Hole and Cheryl D. Hole, filed a petition for writ of mandamus in the above cause on April 2, 2015. Relators seek to compel the trial court to withdraw its order denying relators' "Plea to the Jurisdiction, Motion to Dismiss, and Motion for Realignment of Parties" and to dismiss the declaratory judgment action filed by the real party in interest, Prosperity Bank. Relators further request that we remand this case to the trial court for further proceedings.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

1

Mandamus is an extreme remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal.  *In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  The relator has the burden of establishing both prerequisites to mandamus relief.  *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts.  *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).  The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments.  *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).  Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories.  *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 464.  We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relators have not

met their burden to obtain mandamus relief. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
29th day of April, 2015.