**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 6, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00904-CV

### IN RE J. C., Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**312th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-30086**

## MEMORANDUM OPINION

On October 19, 2018, relator J. C. (Father) filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the

Honorable David Farr, presiding judge of the 312th District Court of Harris County, to vacate the order granting new trial.

In the underlying litigation, the Department of Family and Protective Services sought termination of relator's parental rights to his child, A.C. (Andrea).[1] The Department also sought termination of Andrea's mother's parental rights. Andrea's maternal grandmother (Grandmother) intervened in the termination suit seeking adoption of Andrea and Andrea's half-sister.

Attached to relator's petition for writ of mandamus is the trial court's detailed docket sheet, which reflects that jury trial was waived. At the conclusion of a bench trial, the trial court terminated Mother's parental rights, denied termination of Father's rights, and appointed Father and Grandmother as joint managing conservators of Andrea. Before the trial court's ruling was memorialized in a written judgment, Father filed a motion to set aside appointment of Grandmother as a joint conservator arguing, among other things, that Grandmother did not plead for conservatorship in her petition in intervention. The trial court then clarified its conservatorship findings and appointed the Department as primary managing conservator and Father as possessory conservator. The trial court "order[ed] no conservatorship status for [Grandmother] based on a failure to plead but will allow [the Department] to make placement with [Grandmother] within their [sic] discretion."

---

[1] We use pseudonyms to refer to relator, the child, and other family members. *See* Tex. Fam. Code Ann. § 109.002(d) (West 2014); Tex. R. App. P. 9.8.

On September 14, 2018, the trial court signed a final decree terminating Mother's parental rights to two children and confirming relator's paternity of Andrea. In the decree the trial court denied termination of Father's parental rights, but noted that it was not in Andrea's best interest to appoint Father as managing conservator. The Department was appointed sole managing conservator of Andrea. Ten days later Father filed a notice of appeal of the trial court's termination decree, which this court docketed as appeal number 14-18-00838-CV. On the same day, Grandmother filed a petition to modify the parent-child relationship requesting appointment as sole or joint managing conservator of Andrea.

On October 1, 2018, the trial court, sua sponte, granted a partial new trial as to the issue of primary conservatorship of Andrea. The order states:

> On this 1st day of October, 2018, came to be heard a MOTION FOR NEW TRIAL, and after hearing the evidence presented, the court finds that the MOTION FOR NEW TRIAL should be granted in part as follows.
>
> The new TRIAL DATE: 12/3/18
>
> - The court grants partial new trial only as to the court's decision as to conservatorship of the minor child [Andrea] appointing TDFPS as PMC and [Father] as PC. The court leaves undisturbed all orders as to the child [E.T.-T.] as well as all orders which granted termination as to [Mother] or denied termination as to [Father].
>
> - The court grants leave for [Grandmother] to amend pleadings noting that trial is now set well beyond 45 days from the granting of the new trial.

3

- The court enters (sua sponte) temporary orders appointing TDFPS as temporary PMC of the child [Andrea] with SPO to Father and child support by Father per final orders. Upon filing of amended pleading the court will allow TDFPS to non-suit and change temporary SMC to [Grandmother].

The trial court's docket sheet notes that a "First Amended New Trial Order" was signed on October 8, 2018. Relator did not include a copy of this order in his petition for writ of mandamus or in the mandamus record.

In two issues, relator argues the trial court's order granting a new trial is facially and substantively insufficient under *In re Bent*, 487 S.W.3d 170 (Tex. 2016) (orig. proceeding); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685 (Tex. 2012) (orig. proceeding); and *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009) (orig. proceeding). In those decisions, the Supreme Court of Texas held that: (1) a trial court must provide a specific and valid explanation for setting aside a jury verdict and granting a new trial; (2) mandamus relief is available where the trial court fails to do so; and (3) an appellate court may conduct a merits-based review on mandamus to determine if a facially specific and valid explanation provided by the trial court is supported by the record. *See Toyota*, 407 S.W.3d at 748–49, 755–59.

The supreme court recognized that the trial court's discretion in granting new trials is not limitless, and granted mandamus review of an order granting new trial "in the interests of justice and fairness" when the judgment being set aside was a jury trial verdict. *See Columbia*, 290 S.W.3d at 206. The justification for creating

the departure to allow mandamus review of a new trial order in *Columbia*, was that "the parties and public are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried." *Id.* at 213; *see also Toyota*, 407 S.W.3d at 762. The supreme court decided that despite its historical approval of trial court orders failing to specify reasons for granting new trial, "[o]n balance, the significance of the issue—protection of the right to jury trial—convinces us that the circumstances are exceptional and mandamus review is justified" when the trial court sets aside a jury verdict. *Id.* at 209. The court acknowledged its prior decisions holding that a trial court, in its discretion, may grant a new trial "in the interest of justice," but concluded that such a vague explanation is not adequate when setting aside a jury verdict. *Id.* at 213.

Relator offers no argument to explain why standards developed specifically for the grant of a new trial after a jury verdict apply to a trial court's grant of a new trial following a bench trial in a parental-termination proceeding. *Cf. Toyota*, 407 S.W.3d at 762–63 (Lehrmann, J., concurring) ("Both *Columbia* and our subsequent opinion in [*United Scaffolding*] focused on transparency in the context of setting aside jury verdicts, noting the importance of ensuring that trial courts do not impermissibly substitute their judgment for that of the jury . . .. This concern, however, is not present with respect to new-trial orders that do not set aside a jury verdict, such as orders issued after a bench trial or setting aside a default judgment. Accordingly . . ., the *Columbia* line of cases does not apply to such orders.") (internal citations omitted).

This court has declined to extend merits-based mandamus review to trial-court orders granting a new trial following a bench trial. *See In re Cort*, No. 14-14-00646-CV, 2014 WL 4416074, at *2 (Tex. App.—Houston [14th Dist.] Sept. 9, 2014, orig. proceeding) (mem. op.) (declining to conduct merits-based review under *Columbia* line of cases of an order granting a new trial after default judgment).

Relator's arguments that the trial court abused its discretion are premised specifically on the application of the *Columbia* line of cases to a new-trial order following a bench trial; therefore, relator has not satisfied his burden to demonstrate entitlement to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.