# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00062-CV

---

**In re Michael Keith Cash and San Marcos Air Conditioning, Inc.**

---

### ORIGINAL PROCEEDING FROM HAYS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relators seek mandamus relief from the district court's order partially granting a motion for new trial after a jury trial. Generally, mandamus will issue only to correct a clear abuse of discretion, *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992), when an adequate remedy by appeal does not exist. *Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex. 2008); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

The Texas Supreme Court has explained that "only in two instances have new trial orders rendered during the time a trial court has plenary power been reviewable [on appeal] by an appellate court: when the trial court's order was void and when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict." *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding). As in *Columbia* the parties in this case do not contend that either of those circumstances exist. Thus, absent mandamus review, relators would have no appellate review of the order partially granting

a new trial. *See id.* at 209-10 (holding relators had no adequate remedy by appeal under similar circumstances).

Having determined that relators have no adequate remedy by appeal, we next consider whether the district court clearly abused its discretion. The Texas Supreme Court "has sought to protect the constitutional right to a trial by jury by requiring trial courts to provide litigants with 'an understandable, reasonably specific explanation' for setting aside a jury verdict and ordering a new trial." *In re Bent*, 487 S.W.3d 170, 172-73 (Tex. 2016) (orig. proceeding) (quoting *Columbia*, 290 S.W.3d at 213). "Generally, this requirement is satisfied when a trial court's stated reason is 'a reason for which a new trial is legally appropriate' and 'is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand.'" *Id.* at 173 (quoting *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688-89 (Tex. 2012) (orig. proceeding).

The district court's entire explanation for granting a new trial was that the jury's answers to three questions were "against the great weight and preponderance of the evidence and manifestly unjust." The language of the order is not specific enough to indicate that the district court "derived the articulated reasons from the particular facts and circumstances of the case at hand" because the order does not indicate what particular facts and circumstances in evidence the court may have relied on in reaching its conclusion. *See id.*; *see also United Scaffolding*, 377 S.W.3d at 689-90 (stating that "[t]he order must . . . explain how the evidence (or lack of evidence) undermines the jury's findings" and ordering trial court to "elaborate, with reference to the evidence adduced at trial, how the jury's answers are contrary to the great weight and preponderance of the evidence"). The real parties in interest agree that the order is facially

invalid.  However, they invite this Court to review the merits and conclude that, despite the invalid order, the district court did not abuse its discretion given the evidence in the record.  The Supreme Court has held that an appellate court may conduct a merits-based review of an order granting new trial and "may grant mandamus relief" "[i]f the record does not support the trial court's rationale for ordering a new trial."  *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding).  That holding does not apply to this case because the district court has not included its rationale in its order.  We decline to extend mandamus review of an order granting new trial to include a merits review of the evidence underlying a facially invalid order.

For the foregoing reasons, we conditionally grant relief.  We direct the trial court to clearly identify with reasonable specificity the reasons it granted a new trial as to the jury questions referenced in the order.  The writ will issue only if the district court does not comply.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Filed:  April 16, 2020