# Supreme Court of Texas

### No. 20-0174

Industrial Specialists, LLC,

*Petitioner,*

v.

Blanchard Refining Company LLC and Marathon Petroleum Company LP,

*Respondents*

On Petition for Review from the
Court of Appeals for the First District of Texas

JUSTICE BLACKLOCK, joined by JUSTICE BLAND, concurring.

The plurality and dissent spend dozens of thoughtful pages analyzing the appellate courts' discretion to deny permissive appeals. One word would have been enough, and we have already said it. The discretion is "absolute." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019). This Court held unanimously three years ago that "Texas courts of appeals have discretion to accept or deny permissive interlocutory appeals certified under section 51.014(d), *just as federal circuit courts do.*" *Id.* (emphasis added). This, we said, is because "the [Texas] Legislature modeled

section 51.014(d) after the federal counterpart to permissive interlocutory appeals." *Id.* at 731. *Compare* 28 U.S.C. § 1292(b), *with* TEX. CIV. PRAC. & REM. CODE § 51.014 (d), (f). In the federal system, courts of appeals may "deny review on the basis of *any* consideration." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1710 (2017) (quotation omitted) (emphasis in original). Thus, Texas courts of appeals, like federal courts of appeals, have "absolute discretion" to accept or deny an appeal under section 51.014(f). *Sabre Travel*, 567 S.W.3d at 732.

If the Legislature wants to require courts of appeals to take more interlocutory appeals, it can certainly do so. I tend to think that earlier and quicker appellate review of dispositive legal issues would be a salutary thing. But the Legislature has not amended section 51.014(f) in response to our observation in *Sabre Travel* that Texas's permissive appeal scheme mirrors its well-known federal counterpart. Nor has this Court amended the Rules of Appellate Procedure. When we decided *Sabre Travel*, we thought that "[o]ur procedural rules make [courts of appeals' absolute discretion] clear." *Id.* The rules have not changed, so resolving the issue today ought to require nothing more than a citation to *Sabre Travel*.

*Sabre Travel* is not just this Court's precedent. It is correct. A court of appeals "may" accept a permissive appeal. TEX. CIV. PRAC. & REM. CODE § 51.014(f). Not "shall" or "must" or "should," but "may." The dissent is right, of course, that "may" does not always confer unfettered discretion. *Post* at 18–19. But it often does. One place it does is in the rules governing petitions for review in this Court: "The Supreme Court *may* review a court of appeals' final judgment on a petition for review."

2

TEX. R. APP. P. 53.1 (emphasis added). Elsewhere, the rules state that "[w]hether to grant [a petition for] review is a matter of judicial discretion." TEX. R. APP. P. 56.1(a). *Sabre Travel*, section 51.014, and the procedural rules together make clear that whether to grant a petition for permissive appeal is likewise a matter of judicial discretion. *See* 567 S.W.3d at 732.

Absolute discretion to decide whether to review another judge's decision *right now*—instead of later—is a far cry from absolute discretion to, for instance, set aside a jury verdict. *See In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 213 (Tex. 2009) (requiring a trial court "to give its reasons for disregarding the jury verdict"). Indeed, unreviewable discretion *to decide which cases to hear* is well within the confines of traditional appellate judging. Contrary to the dissent's concerns, unfettered discretion over which cases to hear is not an abandonment of reasoned decision-making or an impediment to confidence in the rule of law. And if it is, then we are in trouble. Deciding which cases to hear—with absolute discretion and without explanation—is the daily business of this Court. Under section 51.014 and the Rules of Appellate Procedure, it is also, occasionally, the business of the courts of appeals.

I am not the first to note the similarity between this Court's absolute discretion to deny petitions for review and an appellate court's absolute discretion to deny petitions for permission to appeal. We described it in *Sabre Travel*. *See* 567 S.W.3d at 731. And the comments to Rule 28.3, which governs permissive appeals, explain succinctly that "[t]he petition procedure in Rule 28.3 is intended to be similar to the

3

Rule 53 procedure governing petitions for review in the Supreme Court."[1] The comment's guidance is well supported by the statute and the rules, and we reinforced it in *Sabre Travel*. We need say no more to explain our decision today. I would hold that a court of appeals' decision to grant or deny a petition for permissive appeal is entirely discretionary and need not be explained.[2] If that is a bad rule, the Legislature should

---

[1] One difference, which we recognized in *Sabre Travel*, is that this Court may take up a permissive appeal that the court of appeals has declined to hear, whereas when this Court denies a petition for review there is usually no further recourse. *See* 567 S.W.3d at 733.

[2] Both the dissent and the plurality interpret Rule 47.1 to require courts of appeals to issue written opinions explaining the denial of permissive appeals. I disagree. Rule 47.1 requires a "written opinion" explaining the "final disposition of the appeal." Under section 51.014 and the Rules of Appellate Procedure, however, there is no "appeal" to be finally disposed of under Rule 47.1 until the court of appeals accepts a permissive appeal. A permissive appeal "is governed by the procedures in the Texas Rules of Appellate Procedure for pursuing an accelerated appeal," but this is only "[i]f the court of appeals accepts the appeal." TEX. CIV. PRAC. & REM. CODE § 51.014(f). Likewise, "[t]he date the court of appeals enters the order accepting the appeal starts the time applicable to filing the notice of appeal." *Id.* In other words, the statute indicates that only after the petition to appeal is accepted do the usual procedures governing appeals apply. The Rules indicate the same. A notice of appeal is "deemed to have been filed" when the petition for permission to appeal is granted, not when the petition is filed. TEX. R. APP. P. 28.3(k). Thus, until the court of appeals accepts the appeal, there is no appeal. There is only a "petition" for "permission to appeal." TEX. R. APP. P. 28.3(a).

Such a petition is akin to a motion, to which Rule 47.1's written-opinion requirement does not apply. An even closer analogue is this Court's disposition of petitions for review, which very rarely includes a written explanation—even though, like the courts of appeals, this Court is obligated to explain in writing its decisions on cases it has chosen to hear. *See* Tex. R. APP. P. 63. As with permissive appeals, the procedural rules describe factors this Court considers when ruling on a petition for review. *See* TEX. R. APP. P. 56.1(a). The existence of these factors—like the two factors courts of appeals should consider when

amend the statute, or this Court should amend the appellate rules within the confines of the statute.[3]

I join the Court's holding that "section 51.014(f) permits Texas courts of appeals to accept a permissive interlocutory appeal when the two requirements of section 51.014(d) are met, but it grants the courts discretion to reject the appeal even when the requirements are met." *Ante* at 19. Otherwise, I respectfully concur in the judgment.

James D. Blacklock
Justice

**OPINION DELIVERED:** June 10, 2022

deciding whether to hear permissive appeals—does not constrain this Court's discretion or require it to explain why the factors were not satisfied when it denies a petition for review. The same is true for courts of appeals deciding petitions for permission to appeal.

[3] Parties and judges ought to be able to know exactly how to approach a procedural question of this nature by consulting the relevant statutes and procedural rules. They should not also have to consult, and attempt to harmonize, multiple opinions of this Court.