COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE: | § | No. 08-23-00100-CV |
| KAREN CARRILLO and UNITED PARCEL SERVICE CO. d/b/a UPSCO UNITED PARCEL SERVICE CO., | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relators. | § | |
| | § | |

## **O P I N I O N**

Relators Karen Carrillo and United Parcel Service Co. d/b/a/ UPSCO United Parcel Service

Co., have filed a petition for a writ of mandamus against the Honorable Marcos Lizarraga, Judge

of the 168th District Court of El Paso County, Texas, challenging an order denying Relators'

motion for leave to designate the El Paso Electric Company and Ramos Lino as responsible third-

party defendants. We conditionally grant mandamus relief.

## **BACKGROUND**

This case concerns a motor-vehicle collision where Real Party in Interest Ashley Ponce

alleges that Carrillo negligently injured her by failing to properly control her vehicle and yield the

right of way at an intersection. Ponce's petition alleged that on January 5, 2021, she was traveling

northbound on McCombs road when Carrillo, who was operating a UPSCO commercial vehicle

attempted to enter traffic and the two collided. Ponce alleged that Carrillo failed to yield the right of way, which caused the injuries she sustained by the resulting collision. Ponce alleged negligence and gross negligence on the part of Carrillo, and negligence, gross negligence, and vicarious liability on the part of UPSCO, Carrillo's employer.

Carrillo and UPSCO filed a motion for leave to designate the El Paso Electric Company and Ramos Lino as responsible third parties, alleging that a telephone pole owned by the electric company and a rock fence and shrubbery owned by Lino obstructed her view of oncoming traffic and were contributing factors in the accident. Although Ponce did not object to the motion for leave to designate, the trial court denied the motion.

In its written order, the trial stated as follows:

> [I]n combination with Movant's declining of a setting offered by the Court to hear the matter . . . the said Attorneys did not plead sufficient facts concerning the alleged responsibility of the El Paso Electric Company and/or Ramos Lino to satisfy the pleading requirements of the Texas Rules of Civil Procedure; i.e., to fairly designate either of these as responsible third parties. . . . It appears from the file that El Paso Electric Company and Ramos Lino have not been, since the Motion was filed over two months ago, notified of the motion or otherwise been subjected to any discovery for this motion that would allow the Court to consider granting the Motion. Chapter 33 of the Tex. Civ. Prac. & Rem. Code and the Texas Rules of Civil Procedure do not require granting this motion only because the Plaintiffs never filed an objection.

Relators then filed this petition for writ of mandamus. On May 12, 2023, this Court notified Ponce that no action would be taken on Relator's petition for writ of mandamus, pending receipt of a timely response. Because the response deadline has now passed, we will proceed without further delay.

## ANALYSIS

### A. Standard of review

Generally, mandamus will issue only to correct a clear abuse of discretion, or the violation of a duty imposed by law, and when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. Of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839. Said differently, because "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts[,] . . . a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* at 840. Additionally, however, the mere fact that "an appellate remedy . . . may involve more expense or delay than obtaining an extraordinary writ" does not establish that the appellate remedy is inadequate. *Id.* at 842. Rather, "[t]he most frequent use [courts] have made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding).

### B. Clear abuse of discretion

Chapter 33 of the Civil Practice and Remedies Code sets out the proportionate responsibility laws, "which permit a tort defendant to designate as a responsible third party a person who is alleged to have caused in any way the harm for which the plaintiff seeks damages." *In re Hidden Lakes Development Partners, LP*, No. 01-22-00152-CV, 2023 WL 3873359, at *2 (Tex. App.—Houston [1st Dist.] June 8, 2023, orig. proceeding) (mem. op., not designated for publication) (quoting *In re CVR Energy, Inc.*, 500 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (internal quotations removed). "Under the proportionate-responsibility

statute," however, "responsibility is not equated with 'liability." *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 786-87 (Tex. 2020) (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009)). Designating a responsible third party allows defendants to introduce evidence of proportionate fault, which in turn allows juries to apportion responsibility to the third party without joining the third party. *See In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (per curiam). § 33.004(f) provides that a "court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave . . . " TEX. CIV. PRAC. & REM. CODE ANN § 33.004(f).

Here, Carrillo and UPSCO timely moved to designate responsible third parties under Chapter 33 of the Civil Practice and Remedies Code, and no objection was filed. The trial court denied the motion on the grounds that Carrillo and UPSCO: (1) had declined a setting offered by the trial court to hear the matter; (2) had not pleaded sufficient facts concerning the responsibility of the El Paso Electric Company or Ramos Lino; and (3) had not notified the potential third parties or otherwise conducted any discovery that would allow the trial court to consider a granting of the motion for leave. Finally, the trial court concluded that "Chapter 33 of the Tex. Civ. Prac. & Rem Code and the Texas Rules of Civil Procedure do not require granting [the] motion only because the Plaintiffs never filed an objection."

On this record, we conclude that the trial court's denial of the motion was a clear abuse of discretion. By the plain language of the statute, a trial judge shall grant the motion for leave to designate if no timely objection is filed. *See In re Smith*, 366 S.W.3d 282, 287 (Tex. App.—Dallas 2012) (orig. proceeding) (citing TEX. CIV. PRAC. & REM. CODE ANN § 33.004(f)). "The use of the word 'shall' in a statute evidences the mandatory nature of the duty imposed." *See In re City of Galveston*, 622 S.W.3d 851, 857 (Tex. 2021) (orig. proceeding) (internal quotation marks

removed). Here, the record establishes that no objection, timely or otherwise, was made to Carrillo and UPSCO's motion.

Chapter 33 imposes a mandatory duty on the trial court to designate third parties when no timely objection is filed. The duty of the trial court does not change based on the sufficiency of the facts in the pleadings unless an objection is timely filed, and the objecting party establishes "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rule of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN § 33.004(g)(1). However, even if a party timely objects and then meets their burden to establish that the defendant did not plead sufficient facts, Chapter 33 nonetheless requires the trial court to grant the movant leave to replead. TEX. CIV. PRAC. & REM. CODE ANN § 33.004(g)(1)(2). Only then may the trial court consider the sufficiency of the facts supporting the allegations in the pleadings. *See In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE ANN § 33.004(g)) ("We need not determine whether the [relators] pleaded sufficient facts regarding the [third party's] alleged responsibility, because even if a deficiency existed, the trial court lacked discretion to deny the motion to designate without affording them an opportunity to replead."). Carrillo and UPSCO timely moved to designate third parties and § 33.004 mandated that the trial court grant the motion.

Additionally, we find no support for the trial court's conclusion that the motion to designate should be denied because Carrillo and UPSCO refused a hearing on the unopposed motion or failed to conduct discovery regarding the alleged responsibility of either the El Paso Electric Company or of Ramos Lino. Chapter 33 is absent any language requiring a hearing on an unopposed motion. Further, § 33.004(b) explicitly contemplates a distinction between traditional third-party practice involving the joinder of parties and the designation of responsible third parties for the purpose of

5

reducing a defendant's liability. TEX. CIV. PRAC. & REM. CODE ANN § 33.004(b) ("Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity."); TEX. CIV. PRAC. & REM. CODE ANN § 33.004(i) ("The filing or granting of a motion for leave to designate a person as a responsible third party [for purposes of Chapter 33] . . . does not by itself impose liability . . . ."). Carrillo and UPSCO were under no obligation to conduct discovery "that would allow the [trial court] to consider granting the [m]otion." That said, Ponce may yet point out an absence of evidentiary support for such third-party designations. Indeed, § 33.004(l) provides that once a third party has been designated, "[a]fter adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX. CIV. PRAC. & REM. CODE ANN § 33.004(l). Accordingly, we conclude that the trial court abused its discretion.

### C. Adequate remedy by appeal

Having found the trial court clearly abused its discretion, we must next consider whether Carrillo and UPSCO have an adequate appellate remedy. *In re Columbia Med. Ctr. Of Las Colinas, Subsidiary*, *L.P.*, 290 S.W.3d 204, 207 (Tex. 2009). In *In re Coppolla*, 535 S.W.3d 506, 509 (Tex. 2017), the Texas Supreme Court stated that "[a]llowing a case to proceed to trial despite [an] erroneous denial of a responsible third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record.'" And the Court further described that, "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section

33.004(a) motion." *In re Coppolla*, 535 S.W.3d at 509-10. We, therefore, further hold that Carrillo and UPSCO established they do not have an adequate remedy by appeal.

## CONCLUSION

Having examined and considered the petition for a writ of mandamus, the mandamus record, and the applicable law, we conclude that Carrillo and USPS have met their burden to obtain relief. Therefore, we conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its order denying the motion for leave to designate a responsible third party. The writ will issue only if the trial court fails to act in accordance with this opinion.

GINA M. PALAFOX, Justice

June 16, 2023

Before Rodriguez, C.J., Palafox, and Soto, J.J.