

# NUMBER 13-26-00243-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MATTHIEW ADRIAN ALIROL

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Justice Cron[1]

By petition for writ of mandamus, relator Matthiew Adrian Alirol asserts that the trial court abused its discretion by granting a new trial after the parties entered an agreed divorce which was approved by the trial court.

A writ of mandamus is an extraordinary and discretionary remedy. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding); *In re Prudential Ins.*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator must ordinarily show that: (1) the trial court committed a clear abuse of discretion; and (2) the relator lacks an adequate remedy on appeal. *In re Dallas HERO*, 698 S.W.3d 242, 247 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker*, 827 S.W.2d at 839–40. "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

An order granting a new trial that improperly sets aside a jury verdict is an abuse of discretion for which there is no remedy by appeal. *See, e.g.*, *In re Lapuerta*, No. 24-0879, 2026 WL 969263, at *3 (Tex. Apr. 10, 2026) (orig. proceeding); *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 298 n.5 (Tex. 2023) (orig. proceeding); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209–10 (Tex. 2009) (orig. proceeding). However, a remedy by appeal is ordinarily adequate for an order granting a new trial following a bench trial. *See, e.g.*, *In re Hardy*, No. 08-26-00095-CV, 2026 WL 1096282, at *2 (Tex. App.—El Paso Apr. 22, 2026, orig. proceeding) (mem. op.) ("Entitlement to mandamus review of an order granting a new trial depends on whether the order follows

a jury trial, or whether there exists extreme circumstances."); *In re Velasquez*, No. 04-25-00091-CV, 2025 WL 1063434, at *1 (Tex. App.—San Antonio Apr. 9, 2025, orig. proceeding) (mem. op.) ("Because we hold the trial court's order is not void and decline to extend mandamus review to orders granting a new trial after a bench trial, we deny the petition for writ of mandamus."); *In re Ramos*, No. 13-20-00429-CV, 2021 WL 1177613, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 29, 2021, orig. proceeding) (mem. op.) ("[T]his Court and others have generally not applied mandamus review to new trial orders following non-jury dispositions.").

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Amanda Williams,[2] and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Specifically, the order at issue is not void, and the record fails to indicate the presence of extraordinary circumstances which would render a remedy by appeal inadequate in this case. Accordingly, we lift the stay previously imposed in this case. *See* Tex. R. App. P. 52.10. We deny the petition for writ of mandamus.

JENNY CRON
Justice

Delivered and filed on the
12th day of May, 2026.

---

[2] Williams has filed a "Motion for Leave to File Supplemental Mandamus Record and to Supplement with Certified Copies." We grant this motion in part and dismiss as moot in part. We grant Williams's motion for leave to file the supplemental mandamus record, and we consider the supplemental mandamus record as filed. We dismiss as moot Williams's motion to the extent that she seeks to supplement the record in the future with certified copies.